It was admitted in the pleadings that at the time of the confession of judgment in favor of G. A. Griswold against Pioneer Lumber Company, the defendant corporation was insolvent; that said Griswold and one Hall were the only stockholders and constituted the board of directors; that the said Hall was president and the said Griswold secretary and treasurer of said corporation, and that said Griswold was present at and participated in the meeting at which the resolutions were adopted directing Hall, as president, to confess judgment against the company in favor of Griswold.
On this state of facts the plaintiff, I. F. Hill, contended that the directors became trustees of the corporate property for the benefit of the creditors, and could not take advantage of their knowledge and position to gain an advantage over the other creditors.
The court rendered judgment in favor of the plaintiffs and against the defendant, G. A. Griswold, setting aside and vacating the judgment set forth in said pleadings in favor of the defendant Griswold, and against the defendant company, and for costs, and defendant appealed.
This case is presented to us as upon a demurrer, all the facts alleged in the complaint being admitted in the answer, and the conclusion of law contended for by the plaintiff being denied, thus raising the issue of law, whether the facts stated in the complaint constitute a cause of action. (175)
It is admitted in the pleadings that at the time of the confession of judgment in favor of G. A. Griswold against the Pioneer Lumber Company, the defendant corporation was insolvent; that said Griswold and one Hall were the only stockholders and constituted the board of directors; that said Hall was president, and said Griswold was secretary and treasurer of said corporation, and that Griswold was present at and participated in the meeting at which resolutions were adopted directing Hall, as president, to confess judgment against the company in favor of Griswold. On this state of facts the plaintiff, I. F. Hill, contends that the directors became trustees of the corporate property for the benefit of the creditors, and could not take advantage of their knowledge and position to gain an advantage over the other creditors.
We advert to the fact that there appears to be but two members of the defendant corporation. But for the admission in the answer, we might inquire whether there has been such an incorporation as is *Page 130 
permitted by section 677 of The Code, as this privilege is extended to any number of persons not less than three. However, as the answer admits that the said defendant is a corporation duly created by the laws of North Carolina, we will proceed at once to the consideration of the only question presented — whether an insolvent corporation may confess judgment under the statute to a director in the same who is also a creditor.
There may have been a discussion at an earlier day as to the precise relation in which a director stands to the corporation of which he is an officer, whether an actual or a quasi trustee for the shareholders, and in case of the insolvency of the corporation, for the creditors also; but there can be no doubt that he occupies a fiduciary relation to the company, which by virtue of his office he represents in the management of (176) its principal functions; neither can there be any doubt that the capital stock and property of the corporation, in case of its insolvency, constitute a fund, first for the satisfaction of its creditors, and next for the shareholders. As is said by Mr. Justice Miller inSawyer v. Hoag, 17 Wall., 610, "Though it be a doctrine of modern date, we think it now well established that the capital stock of a corporation, especially its unpaid subscriptions, is a trust fund for the benefit of the general creditors of the corporation. And when we consider the rapid development of corporations as instrumentalities of the commercial and business world in the last few years, with the corresponding necessity of adapting legal principles to the new and varying exigencies of this business, it is no solid objection to such a principle that it is modern, for the occasion for it could not sooner have arisen."
As it is stated in 2 Story Eq. Jur., sec. 1252: "Perhaps to this same head of implied trusts upon presumed intention (although it might equally well be deemed to fall under the head of constructive trusts by operation of law), we may refer that class of cases where the stock and other property of private corporations is deemed a trust fund for the payment of the debt of a corporation, so that the creditors have a lien or right of priority of payment on it in preference to any of the stockholders in the corporation."
This doctrine was clearly stated by Mr. Justice Story in Wood v. Dumer, 3 Mason, 311, in 1824, and has been generally followed and announced in the treatise on this branch of the law ever since that time. 2 Morawetz Pr. Corp., sec. 780; 1 Beach Pr. Corp., sec. 116. And we are not without authority in our own Court, for the same principle is very clearly stated in an able and interesting opinion of the late Mr. Justice Davis in FoundryCo. v. Killian, 99 N.C. 501. This much being established, we may find the duty and liability of the director laid down in the very many and sometimes diverse decisions in the leading courts of this country. As he is selected and entrusted with *Page 131 
the management of the affairs of the corporation and has charge (177) of its property and business, it applies to him, that "whenever confidence is reposed and one party has it in his power, in a secret manner, for his own advantage, to sacrifice those interests which he is bound to protect, he will not be permitted to hold any such advantage." I Story, supra, sec. 323. As a sequence to the foregoing proposition, we find "an insolvent corporation being indebted to its officers and directors; they executed the notes of the corporation in their own favor, and having obtained judgment by default issued execution thereon. In the distribution of the proceeds of the sheriff's sale of the personal property of the corporation: Held, that this conduct of the officers was a fraud in law which gave them no preference over general creditors in the distribution." Hopkins' Appeal, 9 Pa. Stat., 69, cited as an illustration under the head of Liability of Directors for Fraud. 1 Lawson, R R., sec. 343. In 17 A E. Enc., 122, where very many cases pro and con
are cited, this principle is evolved from the weight of authorities: "It may be stated as a general rule that directors of an insolvent corporation cannot as creditors of such corporation secure to themselves a preference. They must share ratably in the distribution of the company's assets."
In 1 Beach Pr. Corp., sec. 241: "The directors of a company stand in the same relation toward creditors of the corporation that they do to its shareholders, being trustees for the benefit of corporate creditors also."
Mr. Justice Davis, in Drury v. Cross, 7 Wall., 299, speaking of the directors of a railroad company, says: "It was their duty to administer the important matters committed to their charge for the mutual benefit of all parties interested, and in receiving an advantage to themselves not common to the other creditors, they were guilty of a plain breach of trust."
It is true "that a director of a corporation is not prohibited from lending it moneys when they are needed for its benefit and (178) the transaction is open and otherwise free from blame; nor is his subsequent purchase of its property at a fair public sale by a trustee under a deed of trust, executed to secure the payment of them, invalid."Oil Co. v. Marbury, 91 U.S. 587. And there would be nothing to hinder a director from loaning money and taking liens upon the corporate property as security for its repayment, and in enforcing his lien, provided it was an open and entirely fair transaction, but even then it would be looked upon with suspicion, and strict proof of its bona fides
would be required.
There are many decisions, however, which hold that, although directors are bound to discharge their duties prudently, diligently and faithfully, and apply the assets, in case of insolvency, for the benefit of *Page 132 
creditors instead of stockholders, yet they are not, technically, trustees, nor bound to apply the assets ratably among the general creditors. These decisions hold that they may not only make a preference between creditors, but such preference may be made in their own favor if they be creditors, and in such cases they must act with the utmost good faith. 17 A. E. Enc., 122, note. This doctrine was held in Garrett v. Burlington PlowCo., 70 Iowa 697, and in a note to this case in 59 Am., 466, a great many cases are cited, all holding the contrary doctrine to the case last named, and sustaining that to which we adhere. And although it appears from an examination of some of the cases cited in the American and English Encyclopedia on this subject, that there are very respectable and high authorities which would seem to relieve directors from the burden incident to their trust, we cannot hesitate to adopt the views which seem to us the most consistent with the virtuous exercise of the confidence reposed in them, and hold these fiduciaries to the duty which bids them put self-interest behind that of the creditors, who have not the same means of information which might enable (179) them to protect themselves.
There are many cases cited in the brief of the plaintiff's counsel, and others found in the reports of the different States, which, for lack of decisions in North Carolina, are, to us, persuasive authority. The latest we have seen is Banking Co. v. Lumber Co., 91 Ga. 624, where the proper distinction is made between a mortgage to a director of an insolvent corporation as an indemnity for liabilities already incurred, and one made in the execution or performance of an agreement or undertaking entered into at or prior to the time when the liability was incurred. It might be, in some instances, greatly to the benefit of the creditors and shareholders that directors should, in good faith, advance to the corporation funds, upon security, to enable it to carry out its undertakings.
To apply these principles to the case in hand, the defendant seems to be a corporation composed of but two persons or members, both of whom were necessarily officers and directors. The advantage to these persons in being erected into a corporation was, most probably, that they might thereby avoid, not to say evade, personal liability for the debts of the concern. It fails of success and becomes insolvent, which means that it owes more than its capital can pay. It holds a meeting, in which, of course, both of its members participate, and, by an unanimous vote, it orders the one to confess judgment in the name of the corporation to the other for a large amount of money "due by note." Will this transaction stand to the detriment of the other creditors of the corporation?
This is the first case of the kind which has come before this Court *Page 133 
for determination. It is an interesting and important question. By reason of the facility afforded by the statute for the formation of private corporations, much of the business of the country and of this State is now being transacted through such agencies. (180) They offer many advantages to the stockholders, and in some respects they are fraught with danger to the public, unless they are held within the bounds of law and equity. Here comes in the beneficence of that public policy which places all corporations under the visitation of the courts.
Can there be any essential difference between the principle as applied to a confession of judgment under The Code and a mortgage? Most of the cases we have observed were those of mortgages to secure directors or other officers who were creditors of their own corporations. In the few cases which have come before this Court under section 677 of The Code, notably inDavidson v. Alexander, 84 N.C. 621, it has been held that on account of its liability to abuse, and for the purpose of enabling other creditors to have the opportunity to make full investigation if they should so desire, the requirements of the statute should be strictly complied with. It will be observed that the case of Sharp v. R. R., 106 N.C. 308, was the confession of judgment by a corporation to one of its officers, and under circumstances calculated to excite inquiry if not suspicion, but the appeal was from an order made upon a motion to vacate the judgment, where only matters of irregularity could be considered. To attack the same for fraud, it was necessary to bring an independent action, as has been done in this case.
The effect of a confession of judgment is more expeditious in securing a lien, and offers a more immediate means of securing payment of a debt, by the issue of execution and sale of the corporate property, than that given by a mortgage, for a mortgage made by a corporation cannot create a preference over antecedent creditors until a reasonable time after registration, which is notice, has been afforded them to protect their rights. The Code, sections 685 and 1255. The preference is attempted to be reached by the confession, instead of by a mortgage. The preference in this case is to be avoided by whatever (181) means it is sought. In holding that an insolvent corporation cannot prefer one of its directors, who is also a creditor, before other creditors, we are not at variance with the decision in Blalock v. Mfg. Co.,110 N.C. 99. The fourth head-note in that case is misleading when it says, "A corporation has the right to prefer a just debt to one of its officers to those of other creditors." The judgment was that the debt of this officer should be postponed until the other creditors had been paid.
The law is that where a corporation is insolvent, its capital is a trust *Page 134 
fund for the payment of its debts. A director creditor upon a debt theretofore existing cannot take advantage of his superior means of information to secure his debt as against other creditors.
Judgment affirmed.
Cited: Bank v. Cotton Mills, 115 N.C. 513; Light Co. v. Light Co.,116 N.C. 119; Cooper v. Security Co., 122 N.C. 464; Howard v. WarehouseCo., 123 N.C. 91; Graham v. Carr, 130 N.C. 274; Holshouser v. CopperCo., 138 N.C. 251; McIver v. Hardware Co., 144 N.C. 483; Edwards v.Supply Co., 150 N.C. 172; Powell v. Lumber Co., 153 N.C. 56; Silk Co.v. Spinning Co., 154 N.C. 427; Pender v. Speight, 159 N.C. 615;Whitlock v. Alexander, 160 N.C. 468, S. c. ib., 482; Gilmore v. Smathers,167 N.C. 444; Wall v. Rothrock, 173 N.C. 391; Drug Co. v. Drug Co.,ib., 508; Steel Co. v. Hardware Co., 175 N.C. 451; Besseliew Co. v.Brown, 177 N.C. 68.