IRA D. LEE, D/B/A LEE ELECTRICAL SERVICE v. HARRY SHOR;
ROBERT B. BROUGHTON, TRUSTEE; ENGLEWOOD DEVELOP-
MENT CORPORATION, FORMERLY CITIZENS MORTGAGE COR-
PORATION; AND BESSIE L. SHOR, WIFE OF HARRY SHOR

No. 7010SC561

(Filed 30 December 1970)

1. Rules of Civil Procedure § 56— summary judgment — prerequisites

Summary judgment is proper only when the pleadings, depositions,
answers to interrogatories and admissions on file, together with any
affidavits, show that there is no genuine issue as to any material fact
and that the moving party is entitled to judgment. G.S. 1A-1, Rule 56.

2. Rules of Civil Procedure § 56— summary judgment — extreme remedy

Summary judgment is an extreme remedy and should be awarded
only where the truth is quite clear.

3. Rules of Civil Procedure § 56— summary judgment — parties entitled to
presumptions

Upon a motion for summary judgment, both the opposing and
moving parties are entitled to any presumption that is applicable to
the facts before the court.

4. Witnesses § 3— credibility of interested witness — jury issue

The fact that the witness is interested in the result of the suit
is sufficient to require the credibility of his testimony to be submitted
to the jury.

5. Rules of Civil Procedure § 56— hearing on summary judgment — issues
of credibility — trial by affidavits

The court should not resolve an issue of credibility or conduct a
trial by affidavits at a hearing on a motion for summary judgment,
especially where knowledge of the facts is largely under the control
of the movants.

6. Corporations § 12; Rules of Civil Procedure § 56— action to set aside
fraudulent deed of trust — loan transaction between corporation and its
officers — summary judgment

In an action by the creditor of defendant corporation to set aside
as fraudulent a deed of trust executed by the corporation to secure
a loan from another defendant who was a director of the corporation,
the trial court erred in granting summary judgment in favor of the
defendants where (1) all but one of the affidavits in support of the
summary judgment were made by witnesses who were interested in
the result of the action and (2) the affidavits did not cover all of the
facts that were material to a determination of the controversy.

7. Rules of Civil Procedure § 56— summary judgment — objections or
answer to interrogatories

It was improper to grant a summary judgment in favor of defend-
ants prior to their filing of objections or answer to plaintiff's inter-
rogatories.

Lee v. Shor

APPEAL by plaintiff from *Bailey, Superior Court Judge,* 30 March 1970 Session, WAKE Superior Court.

The pleadings disclose the following events. On 18 November 1968 plaintiff instituted suit against Citizens Mortgage Corporation. The name of this corporation was later changed to Englewood Development Corporation. (This defendant will hereinafter be referred to as "Corporation.") The suit was to recover $5,586.57 with interest from 31 January 1968. On 3 March 1969 a deed of trust from the Corporation to secure the payment of a promissory note to defendant Harry Shor and Bessie L. Shor in the amount of $30,000.00 was recorded. The deed of trust was dated 3 December 1968 and was signed for the Corporation by Gerald T. Shor, president. Harry Shor and wife Bessie Shor are the father and mother of Gerald T. Shor. Harry Shor is a director of the Corporation. The Corporation has been dormant since 5 June 1969. On 30 October 1969 plaintiff recovered judgment against the Corporation as prayed for in the complaint. On 5 December 1969 execution on this judgment was returned unsatisfied. On 29 December 1969 plaintiff instituted the present action to have the deed of trust declared void as fraudulent and to subject the property purportedly conveyed thereby to the payment of the debt due plaintiff. In substance, the plaintiff alleged and defendants denied the following: The deed of trust conveyed substantially all the assets of the Corporation. Although the deed of trust was dated 3 December 1968, it was actually executed on or about 3 March 1969, the date of its recordation. At the time of the execution, delivery and registration of the deed of trust and for several months prior thereto the Corporation was in declining financial circumstances and was on the verge of insolvency. The fair market value of the property conveyed was in excess of the recited indebtedness. The indebtedness purportedly secured was fictitious in whole or in part and was, in whole or in part, already existing on the effective date of the conveyance. It was made without retaining property sufficient to pay existing creditors and was made with the intent to hinder, delay and defraud the plaintiff, a creditor.

On 30 January 1970 defendant Harry Shor filed a motion for summary judgment together with affidavits tending to show the following: On 3 December 1968 he withdrew $30,000.00 from sundry savings accounts and delivered the same to Citizens

Mortgage Corporation on the same date which was also the date the note and deed of trust were executed. Prior to that date the Corporation was not indebted to him. At the time the loan was made "the corporation was a going concern actively engaged in its business."

On 11 February 1970 plaintiff filed an affidavit to the effect that he could not present by affidavit facts essential to justify his opposition to the motion for the reason that the knowledge of such facts was largely or exclusively under the control of defendants. On 13 February 1970 Judge Bailey signed an order denying the motion for summary judgment.

On 23 March 1970 defendant Harry Shor filed another motion for summary judgment and filed additional affidavits tending to show that $10,000.00 of the $30,000.00 came from a savings account in the name of Gerald T. Shor and defendant Bessie L. Shor but that the funds were in fact solely his.

On 2 April 1970 plaintiff filed and served interrogatories on the Corporation. No objections to these interrogatories were filed and they were not answered.

On 6 April 1970 Judge Bailey entered a judgment granting defendant's motion for summary judgment. From the entry of summary judgment for defendant, the plaintiff appealed.

*Harris and Harris by Jane P. Harris for plaintiff appellant.*

*W. G. Parker for defendant appellee Harry Shor.*

*Jack P. Gulley for defendant appellee Englewood Development Corporation.*

VAUGHN, Judge.

[1, 2] Summary judgment is proper only when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56 North Carolina Rules of Civil Procedure. It is an extreme remedy and should be awarded only where the truth is quite clear. *American Insurance Company v. Gentile Brothers Company,* 109 F. 2d 732 (5th Cir. 1940). "Upon a motion for summary judgment it is no part of the court's function to decide issues of fact but solely to

determine whether there is an issue of fact to be tried." *Toebelman v. Missouri-Kansas Pipe Line Co.*, 130 F. 2d 1016 (3rd Cir. 1942). We hold that there are issues of fact to be tried in the present case and that summary judgment was improperly entered.

Transactions in the nature of the one under attack here are generally considered as follows:

> "It is said that secured loan tranactions between a corporation and its officers or directors are fundamentally suspect, and will be closely scrutinized by the courts; and that they must be open and free from fraud or impropriety. The officer or director making the loan must act in good faith, must be free from all suspicion, and may seek no unfair advantage or undue benefit—in short there must be no conflict in interest between the lender and the borrower. The terms of the loan must be fair and reasonable, and the loan itself must be for the corporation's benefit; a real need for the loan must have existed, and the funds obtained by the loan must be for use in the business of the corporation.

> "In establishing the validity of a secured loan transaction between a corporate officer or director making the loan and the corporation furnishing the security therefor, *the burden of proof of the lender's good faith and of the justice of the transaction rests upon the officer or director. . . .* " [Emphasis ours] 19 Am. Jur. 2d, Corporations, § 1302, p. 709.

[3]   This has long been the law of this State:

> " . . . [T]here would be nothing to hinder a director from loaning money and taking liens upon the corporate property as security for its repayment, and in enforcing his lien, provided it was an open and entirely fair transaction, *but even then it would be looked upon with suspicion, and strict proof of its bona fides would be required.* [Emphasis ours.]

> . . . .

> " . . . [W]here a corporation is insolvent, its capital is a trust fund for the payment of its debts. A director creditor upon a debt theretofore existing cannot take advan-

tage of his superior means of information to secure his debt as against other creditors." *Hill v. Lumber Co.,* 113 N.C. 174, 18 S.E. 107.

Upon a motion for summary judgment both the opposing and moving parties are entitled to any presumption that is applicable to the facts before the Court. Moore's Federal Practice, 2d Vol. 6, § 56.15(3), p. 2343.

[4-6]  With the exception of affidavits tending to show that on 3 December 1968 Harry Shor withdrew $30,000.00 from his personal account and that on the same date the funds were deposited in the bank account of the Corporation, all of defendants' affidavits were from the defendants and Gerald T. Shor. The fact that the witness is interested in the result of the suit has been held to be sufficient to require the credibility of his testimony to be submitted to the jury. *Sonnentheil v. Christian Moerlein Brewing Co.,* 172 U.S. 401, 408, 19 S.Ct. 233, 236, 43 L. Ed. 492, 495. It is well established that the court should not resolve an issue of credibility or conduct a "trial by affidavits" at a hearing on a motion for summary judgment, especially in cases where, as here, knowledge of the fact is largely under the control of the movants. Some of the reasons for this sound rule have been expressed as follows:

> "For the affidavits do not supply all the needed proof. The statements in defendants' affidavits certainly do not suffice, because their acceptance as proof depends on credibility; and—absent an unequivocal waiver of a trial on oral testimony—credibility ought not, when witnesses are available, be determined by mere paper affirmations or denials that inherently lack the important element of witness' demeanor. As we observed in *Arnstein v. Porter,* 2 Cir., 154 F. 2d 464, 471: 'It will not do, in such a case, to say that since the plaintiff, in the matter presented by his affidavits, has offered nothing which discredits the honesty of the defendant, the latter's deposition must be accepted as true.' For the credibility of the persons who here made the affidavits is to be tested when they testify at a trial. Particularly where, as here, the facts are peculiarly in the knowledge of defendants or their witnesses, should the plaintiff have the opportunity to impeach them at a trial; and their demeanor may be the most effective impeachment. Indeed, it has been said that a witness' demeanor is a kind

of 'real evidence,' obviously such 'real evidence' cannot be included in affidavits. In *Sartor v. Arkansas Natural Gas Corp., Kansas Group,* 321 U.S. 620, 628, 64 S.Ct. 724, 729, 88 L. Ed. 967, the Court said that a summary judgment may not be used to 'withdraw these witnesses from cross-examination, the best method yet devised for testing trustworthiness of testimony'; the Court, in that connection, quoted with approval from *Aetna Life Insurance Co. v. Ward,* 140 U.S. 76, 88, 11 S.Ct. 720, 724, 35 L. Ed. 371: 'There are many things sometimes in the conduct of a witness upon the stand, and sometimes in the mode in which his answers are drawn from him through the questioning of counsel, by which a jury are to be guided in determining the weight and credibility of his testimony.' " *Colby v. Klune,* 178 F. 2d 872 (2d Cir. 1949).

[7]   A careful examination of defendants' affidavits discloses that, even when the affidavit of the defendant Harry Shor and officers of the Corporation are considered, they do not cover all of the facts which would be material to a determination of the controversy and thus would not adequately support the motion. Finally we observe that although unanswered interrogatories will not, in every case, bar the trial court from acting on motion for summary judgment (*Washington v. Cameron,* 411 F. 2d 705 (D.C. Cir. 1969)), doing so prior to the filing of objections or answer to the interrogatories in the present case was improper.

For the reasons discussed, the entry of summary judgment dismissing the actions constituted error and the same is reversed.

Reversed.

Judges CAMPBELL and BRITT concur.