COMMERCIAL CREDIT CORPORATION v. BOBBY JOE McCORKLE

No. 7326DC448

(Filed 12 September 1973)

1. Rules of Civil Procedure § 56— summary judgment — denial of debt — issue of material fact

Where a defendant denies the existence of the debt alleged, defendant's denial raises a genuine issue as to a material fact unless admissions by defendant clearly show that his denial of the debt is utterly baseless in fact.

2. Bills and Notes § 20; Rules of Civil Procedure § 56— denial of debt — summary judgment on pleadings — error

In this action to recover a sum allegedly due from defendant under a Transfer of Interest Agreement executed by defendant, the trial court erred in entering summary judgment for plaintiff upon a consideration of the pleadings alone where defendant admitted that he executed the Transfer of Interest Agreement but denied that he owed plaintiff a balance as alleged.

APPEAL by defendant from *Stukes, District Court Judge,* 12 March 1973 Session of District Court held in MECKLENBURG County.

Plaintiff instituted this action to recover the sum of $192.76, plus interest, which it alleged was due from defendant under a Transfer of Interest Agreement executed by defendant. Defendant admitted the execution of the transfer agreement but denied that he failed to make payments and denied that he owed plaintiff a balance as alleged. Thereafter, plaintiff filed a motion for summary judgment which was granted. Defendant appealed.

*Fairley, Hamrick, Monteith & Cobb, by Laurence A. Cobb, for plaintiff.*

*Joseph B. Roberts III for defendant.*

BROCK, Chief Judge.

The record on appeal reflects that summary judgment was rendered upon a consideration of the pleadings alone. In the pleadings defendant denied the allegation of the amount alleged by plaintiff to be due under the contract. Plaintiff offered no supporting affidavits, depositions, or answers to interrogatories, but elected to stand upon its allegation in its complaint of a sum due which defendant denied. According to the stipulations

filed in this Court both the complaint and the answer were verified.

[1, 2]  The trial court, upon motion for summary judgment under Rule 56, should not undertake to resolve an issue of credibility. *Lee v. Shor,* 10 N.C. App. 231, 178 S.E. 2d 101. In this case plaintiff alleges defendant is indebted to plaintiff; defendant denies the allegation. Where a defendant denies the existence of the debt alleged, unless admissions by defendant clearly show that his denial of the debt is utterly baseless in fact, defendant's denial raises a genuine issue as to a material fact. Where a genuine issue as to a material fact is raised, summary judgment is improper. *See* G.S. 1A-1, Rule 56(c). In this case defendant's admission that he executed the Transfer of Interest Agreement does not render his denial of the debt to be baseless. From the pleadings alone it cannot be determined as a fact that defendant owes the plaintiff a sum of money in any amount.

Reversed.

Judges MORRIS and PARKER concur.