JAMES OLEN RYALS AND WIFE, RUBY RYALS v. R. B. BAREFOOT
AND WIFE, ADA MAE BAREFOOT, AND JOSEPH H. LEVINSON,
TRUSTEE

No. 7311SC555

(Filed 10 October 1973)

**Mortgages and Deeds of Trust § 18— cancellation of deed of trust — summary judgment**

   The trial court should have entered summary judgment for plaintiffs in their action to cancel a deed of trust executed to defendants where the pleadings and answers to interrogatories established an agreement among plaintiffs, defendants and a third party that the deed of trust would be cancelled when a $36,000 note from the third party to defendants was paid in full, and established that the third party's note to defendants has been paid.

APPEAL by plaintiffs and defendants from *Canaday, Judge,* February 1973 Session of JOHNSTON Superior Court.

In their complaint filed 15 December 1971, plaintiffs allege:

By three deeds executed in 1953, 1954 and 1959, the male plaintiff became the owner of three parcels of land in Johnston County, said land being referred to hereinafter as the Johnston County property. In May of 1964, the male plaintiff purchased from defendants Barefoot a store building lot in Harnett County, said building and lot being referred to hereinafter as the Harnett County property. To secure the balance of the purchase price of the Harnett County property, $36,000, plaintiffs executed to defendants a deed of trust embracing the Harnett County property and the Johnston County property. Defendants Barefoot agreed that the Johnston County property would be released from the deed of trust if and when the indebtedness secured by the deed of trust was reduced to $22,000.

On or about 7 March 1966, at the insistence of defendants Barefoot, plaintiffs conveyed the Harnett County property to W. D. Glover and wife, hereinafter referred to as Glover. At the time of conveyance of said property, Glover executed an agreement, note and deed of trust providing for the payment of $36,000 to defendants Barefoot and the payment of $6,300 to plaintiffs. The agreement provided that when Glover's indebtedness was reduced to $22,000, plaintiffs' Johnston County property would be released from the original deed of trust. On

or about 24 July 1967, while the Harnett County property was under the control of Glover, the building on the property was destroyed by fire and plaintiffs are informed and believe that defendants Barefoot received substantial insurance benefits on account of said fire. Plaintiffs are further informed and believe that the $36,000 indebtedness due defendants Barefoot from Glover has been paid in full and that defendants Barefoot have released Glover from all claims. Defendants have refused plaintiffs' demand for an accounting. Plaintiffs asked for a cancellation of the deed of trust on their Johnston County property and such further relief as the court determined appropriate.

Following the filing of answer to the complaint and the answering of certain interrogatories by defendants, plaintiffs move for summary judgment. After a hearing, the court concluded (1) that there is no genuine issue as to any material fact with respect to the right of plaintiffs to a release of the Johnston County property, and (2) that "plaintiffs have failed to show the absence of a material fact in issue with respect to whether" the 9 September 1968 agreement between defendants and Glover completely released plaintiffs from the provisions of the 24 May 1964 deed of trust. The court entered judgment releasing and cancelling the lien of the original deed of trust as to plaintiffs' Johnston County property. Plaintiffs and defendants appealed.

*Wilson, Bowen & Lytch by Wiley F. Bowen for plaintiff appellee-appellant.*

*T. Yates Dobson, Jr., for defendant appellants.*

BRITT, Judge.

### DEFENDANTS' APPEAL

Defendants' counsel on appeal, who did not represent defendants in any of the trial proceedings, states in his brief that he has diligently reviewed the record but is unable to submit any authority or reason as to why the judgment entered was not proper. We agree that defendants' appeal has no merit.

### PLAINTIFFS' APPEAL

While agreeing with the court's conclusion (1) stated above, plaintiffs contend that the court erred in its conclusion (2) and that the court should have adjudged that plaintiffs are entitled

to the complete cancellation of the 24 May 1964 deed of trust. We agree with the contention.

Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Lee v. Shor,* 10 N.C. App. 231, 178 S.E. 2d 101 (1970) ; G.S. 1A-1, Rule 56(c).

In the instant case admissions in the pleadings and answers to interrogatories established the following: Paragraph 6 of the 7 March 1966 agreement between plaintiffs, defendants Barefoot and Glover provided that defendants Barefoot would cancel the original deed of trust when the new $36,000 note from Glover to defendants Barefoot was paid in full. Plaintiffs' interrogatory 11 asked: "What claim, if any, do the defendants have against William D. Glover and wife, Nancy C. Glover, by virtue of the transaction referred to in the pleading?" Defendants' answer to the interrogatory is "None." The only transaction with Glover referred to in the pleadings relates to the sale and purchase of the Harnett County property and financial arrangements and problems pertaining thereto. In September 1968 the male defendant Barefoot entered into a written agreement with Glover in which he agreed that all matters between him and Glover had been concluded and settled.

We hold that plaintiffs were successful in showing at the hearing on their motion for summary judgment that there is no genuine issue with respect to their contention that they are entitled to the complete cancellation of the 24 May 1964 deed of trust. The court erred in its conclusion to the contrary and in not providing for this cancellation in its judgment. The cause is remanded for entry of judgment providing that relief.

On defendants' appeal — affirmed.

On plaintiffs' appeal — error and remanded.

Judges PARKER and VAUGHN concur.