GEORGE J. HODGES v. GRANT JOHNSON, DEFENDANT AND F. F. HODGES, INTERVENOR

No. 7411DC289

(Filed 3 July 1974)

**Limitation of Actions § 4; Rules of Civil Procedure § 56— summary judgment — existing issues of fact**

In an action to recover the possession of furniture located in the home of plaintiff's deceased mother, the trial court erred in entering summary judgment in favor of defendants where issues of fact existed as to the running of the statute of limitations and the ownership of the property in question; furthermore, the court erred in basing summary judgment on the testimony at a prior trial at which the court ruled the claim was barred by the statute of limitations where an appellate court held that plaintiff was entitled to a new trial because of the absence of a finding as to when the cause of action accrued.

APPEAL from *Lyon, District Judge,* 22 October 1973 Session of HARNETT County District Court. Heard in the Court of Appeals 29 May 1974.

Plaintiff instituted this action on 9 August 1971 to recover the possession of household and kitchen furniture located in the homeplace of his late mother, Maude J. Hodges, valued at $400 and alleged to be the property of plaintiff. After denying the motion for summary judgment of each defendant, Judge Lyon heard the case, sitting without a jury. At the conclusion of the evidence, the court made the following findings of fact and conclusions of law:

"1. That the plaintiff qualified as administrator of the estate of his mother, the late Maude E. (sic) Hodges, in 1960. That he thereafter served as such administrator until the 13th day of March, 1968, when he filed his final account with the Clerk of Harnett County.

2. That this action was instituted by the plaintiff on the 9th day of August, 1971, by the filing of a Summons and

Hodges v. Johnson

Complaint and Claim and Delivery proceedings seeking to recover certain household and kitchen furniture in the homeplace of the late Maude E. (sic) Hodges.

That based upon the foregoing findings of fact, the Court concludes that said action was instituted more than three years after plaintiff's cause of action accrued and is therefore barred by North Carolina General Statute 1-52(4)."

From the judgment dismissing the action, plaintiff appealed to this Court on the ground that the trial court made no finding of fact as to when plaintiff's cause of action accrued. It was plaintiff's contention that absent such a finding of fact, there was no basis on which to conclude that the cause of action was barred by the applicable statute of limitations, G.S. 1-52(4). In *Hodges v. Johnson,* 18 N.C. App. 40, 195 S.E. 2d 579 (1973), we sustained this contention and awarded plaintiff a new trial.

After certification of our opinion and prior to the new trial ordered, both parties moved for summary judgment. Judge Lyon heard no evidence and granted defendants' motion. The order granting summary judgment states that "the facts necessary to the determination of this motion are as set forth in the Transcript (of the first trial)." The court concluded from the transcript that there was no genuine issue as to any material fact. From the award of summary judgment plaintiff appealed.

*W. A. Johnson for plaintiff appellant.*

*McCoy, Weaver, Wiggins, Cleveland and Raper, by Richard M. Wiggins, for defendant appellant.*

MORRIS, Judge.

Plaintiff takes the position that the entering of summary judgment effectively denied him the new trial we awarded him on his first appeal. This position is well taken.

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Peaseley v. Coke Co.,* 12 N.C. App. 226, 182 S.E. 2d 810 (1971), cert. denied 279 N.C. 512 (1971). In ruling on such a motion, the trial court should not undertake to resolve any issues of credibility. *Credit Corp. v. McCorkle,* 19 N.C. App. 397, 198 S.E. 2d 736 (1973).

The pleadings before the court on the motions for summary judgment make no mention of the date on which plaintiff as administrator of the estate of Maude J. Hodges filed the final account. It is apparent that an issue of fact exists relative to the running of the statute of limitations. It is equally apparent that there exists a genuine issue of material fact relative to the ownership of the property in question. The trial court erred in granting summary judgment inasmuch as defendants failed to establish through their pleadings the absence of a genuine issue of material fact. Furthermore, the trial court was in error in basing his award of summary judgment on the testimony in the first trial. We held on plaintiff's first appeal that he was entitled to a new trial because there was no finding by the trial court as to when the cause of action accrued. It is not now sufficient for the trial court to enter summary judgment based upon testimony given at the first trial.

New trial.

Judges HEDRICK and BALEY concur.