J. B. OAKLEY v. J. D. LITTLE, SR.

No. 803SC247

(Filed 2 December 1980)

**Uniform Commercial Code § 37.7— sale of investment securities — statute of frauds — insufficient writing**

In an action to recover damages for defendant's breach of a contract for the sale of investment securities to plaintiff, the evidence on motion for summary judgment was insufficient to show a writing signed by defendant showing that the parties had entered into a binding contract within the purview of G.S. 25-8-319 where plaintiff's complaint alleged that defendant agreed to purchase half of the stock of a corporation and to sell half of this stock to plaintiff; plaintiff agreed to execute a note and deed of trust for the purchase price and to purchase term life insurance on his own life when defendant so requested; plaintiff presented notes which defendant allegedly gave plaintiff during a discussion of the proposed

Oakley v. Little

transaction, but these notes were not signed by defendant and were merely evidence of negotiations toward a contract in the future; and plaintiff presented an insurance policy on plaintiff's life which was signed by defendant, since plaintiff's documents, even if read together, constitute no more than proof of tentative negotiations in an effort to reach a contract in the future, and the insurance policy simply shows that some step was taken toward the agreement.

APPEAL by plaintiff from *Strickland, Judge.* Order entered 24 January 1980 in Superior Court, PITT County. Heard in the Court of Appeals 16 September 1980.

This action was instituted to recover damages allegedly caused by defendant's breach of a contract between him and plaintiff for the purchase of investment securities. Plaintiff claims that defendant agreed in this alleged contract to sell him one-fourth of the shares of stock of General Heating, Inc., a corporation located in Greenville, North Carolina. In his complaint plaintiff alleged that defendant, who already owned one-half of the stock in General Heating, Inc., agreed to purchase the remainder of the stock from its owner, T. J. Morris, and, in turn sell one-half of this newly acquired stock to plaintiff, the transaction resulting in plaintiff's acquiring a one-fourth interest in the corporation. In return for the stock, plaintiff agreed to execute a promissory note to the defendant for the purchase price of $62,500. He agreed to secure this note with a second deed of trust on his home and a pledge of the stock he was to acquire from defendant. To further secure the note plaintiff also agreed to purchase term life insurance on his own life when defendant so requested. He alleged that defendant subsequently did request that he buy the life insurance and that he complied with this request. Plaintiff claimed that he was ready to perform his part of the agreement but that defendant refused to transfer the stock in question to him.

Defendant's answer denied all allegations of the complaint with the exception of the allegation of residence, and included a motion for dismissal pursuant to G.S. 1A-1, Rule 12(b)(6), and a demand for a jury trial.

On 8 November 1979, defendant moved for summary judgment on the grounds that there was no genuine issue of any material fact and that defendant was entitled to judgment as a matter of law. Plaintiff and defendant each filed affidavits with the court. In addition to these affidavits, the court considered the depositions of both parties, and plaintiff's exhibits Nos. 1 and 2 (hereinafter des-

cribed). At the hearing on this motion, the court heard the testimony of defendant's insurance agent, J. D. McLawhorn, Sr. The trial judge granted defendant's motion for summary judgment, and from the entry of the order allowing the motion plaintiff appeals.

*Williamson, Herrin and Stokes, by Mickey A. Herrin, for plaintiff appellant.*

*James, Hite, Cavendish and Blount, by M. E. Cavendish, for defendant appellee.*

MORRIS, Chief Judge.

Appellant contends generally that the trial court erred by granting defendant's motion for summary judgment. Under G.S. 1A-1, Rule 56, summary judgment shall be rendered if the trial court determines from a consideration of the pleadings, depositions, and affidavits that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. Summary judgment allows quick and final disposition of claims where there is no real question as to whether plaintiff should recover, or where the defendant has established a complete defense. Here it appears the latter is the case. Defendant had a complete defense in the statute of frauds.

Plaintiff failed to produce a writing sufficient to show a contract between him and defendant.

The sale of investment securities is governed by Article Eight of the Uniform Commercial Code. G.S. 25-8-319 is the statute of frauds applicable to such transactions in North Carolina.

Section (a) of that statute states:

> A contract for the sale of securities is not enforceable by way of action or defense unless
>
> (a) There is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price.

To be sufficient to comply with the requirements of this statute the writing must (1) evidence a contract for the sale of invest-

ment securities, (2) be signed by the party against whom enforcement is sought, and (3) contain terms stating the quantity and price of the securities. The essential point of these basic requirements is that the written memorandum be reasonably sufficient to prove the existence of a contract obligating the defendant to buy or sell investment securities.

Plaintiff's exhibit No. 1 consists of two pages of notes that defendant allegedly gave plaintiff during a discussion of the proposed transaction. The notes are entitled "Outline of Proposed Sale." They disclose many of the important terms, including the price and quantity, of the proposed transaction. Since there is no evidence that this document was signed by defendant, it cannot, standing alone, fulfill the requirements of the statute of frauds. Plaintiff's exhibit No. 2 consists of a Pilot Life insurance policy in the amount of $65,000. Plaintiff is listed as the insured, and defendant is named as the beneficiary of the policy. The signatures of both plaintiff and defendant appear on the policy. Defendant is listed as the owner of the policy and he is designated as "Business Partner". Presumably, this label refers to plaintiff.

There are few cases construing the statute of frauds applicable to the sale of investment securities. Prior decisions involving the construction of the statute of frauds applicable to the sale of goods, U.C.C. § 2-201, are instructive in determining the correct application of G.S. 25-8-319. Where there are similar provisions in these two statutes of frauds the courts should give a similar construction to both. The intent of the draftsmen of the Code was to make the investment securities provision conform to the policy underlying the statute of frauds of Article Two. Official Comment, G.S. 25-8-319; 3 Anderson, *Uniform Commercial Code* § 8-319:3 (2d ed. 1971).

G.S. 25-2-201 does not require a writing which embodies all of the essential and complete terms of a contract. However, it does require some good writing sufficient to indicate that a definite contract for the sale of goods has been made. Where writings only represent negotiations for agreements to be made in the future the courts have held under U.C.C. § 2-201 that they were not binding contracts. *In re Flying W. Airways, Inc.*, 341 F. Supp. 26 (D.C. Pa. 1972) [where the Court said: "[A]lthough the statute of frauds will permit the piecing together of memoranda to establish the *terms* of the contract, nevertheless, it is essential, in order to satisfy the

statute of frauds, that the 'signed memoranda,' standing alone, acknowledge the existence of a 'contractual status.' *Oswald v. Allen,* 417 F. 2d 43, 46 (2d Cir. 1969)."] 341 F. Supp. at 72. *See also Arcuri v. Weiss,* 198 Pa. Super. Ct. 506, 184 A. 2d 24 (1962).

Applying this reasoning to the instant case it appears that plaintiff's exhibits are insufficient to show a contract for the sale of the stock, because they merely represent tentative negotiations.

Plaintiff's exhibit No. 1, although it does contain the necessary price and quantity terms, cannot be construed as a binding final contract. This document was only a working tool used by plaintiff and defendant in their discussions of a possible agreement. The first sentence of these notes labeled them "Outline of Proposed Sale of the Interest of T. J. Morris in General Heating, Inc. with additional transactions regarding the ultimate disposition of such interest and Mr. Morris' affiliation with the Company." This document is merely evidence of plaintiff's and defendant's negotiations toward the completion of a contract in the future.

Plaintiff's deposition taken on 7 September 1979 further substantiates the conclusion that his exhibit No. 1 was only tentative. While being deposed plaintiff stated that there was nothing in writing except some notes he took when they discussed the transaction, that it was understood that Little would have a document drafted by his attorney to be submitted to him and reviewed by all of them, but that that document was never drafted. This testimony clearly shows that plaintiff and defendant had not come to a final agreement concerning the purchase of this stock. Furthermore, defendant's signature does not appear on the notes to which he referred, so standing alone they do not constitute an enforceable contract.

Plaintiff argues that if both of his exhibits are considered together they are sufficient to satisfy G.S. 25-8-319(a). Exhibit No. 2 consists of the life insurance policy on plaintiff's life which is signed by the defendant. This policy was purchased pursuant to the requirements of the transaction discussed by the plaintiff and defendant and recorded in their notes. Even if both of plaintiff's documents are read in conjunction, they constitute no more than proof of tentative negotiations in an effort to reach a contract in the future. The insurance policy simply shows that some step was taken toward agreement. It does not show that plaintiff and defendant had en-

Oakley v. Little

tered into a binding contract. Protective measures such as taking out term insurance on the life of a debtor may often be taken by a noteholder prior to a final agreement on the transaction. Plaintiff admits in his brief that partial performance of an alleged contract is not sufficient to remove that contract from the statute of frauds.

These two writings, whether considered alone or together, do not evidence anything more than preliminary negotiations. They do indicate that business was being transacted between plaintiff and defendant, but the transaction of business alone is not sufficient to show that a contract was made. For these reasons we do not believe that there was a writing sufficient to satisfy the requirements of G.S. 25-8-319(a).

Plaintiff contends that even if these writings are insufficient to meet the requirements of G.S. 25-8-319(a), there are facts which bring the case within G.S. 25-8-319(d). Section (d) has the effect of making even an oral contract for the sale of investment securities enforceable if the party against whom the contract is sought to be enforced makes a judicial admission of the existence of that contract. Any admission of such a contract would necessarily have to include a statement of the price and quantity terms.

We have examined the record and found no instances where defendant admitted that he and plaintiff had entered into a contract for the sale of these securities. Defendant's references in his deposition to the alleged agreement between him and plaintiff are all in terms of a tentative or incomplete agreement. These are insufficient to constitute the judicial admission by the defendant of a contract.

For these reasons we find that there was no genuine issue of any material fact. Defendant amply demonstrated a complete defense of the statute of frauds. The trial court was correct in rendering its judgment as a matter of law.

Affirmed.

Judges HEDRICK and WHICHARD concur.