C. M. BALLINGER, E. R. BALLINGER, AND M. D. BALLINGER, HEIRS OF THE ESTATE OF W. T. BALLINGER, AND THE ESTATE OF W. T. BALLINGER, DECEASED v. THE SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF REVENUE, THE NORTH CAROLINA DEPARTMENT OF REVENUE, AND THE STATE OF NORTH CAROLINA

No. 8118SC1230

(Filed 16 November 1982)

1. **Rules of Civil Procedure § 56.3; Taxation § 38.2— inheritance tax assessment —secretary's affidavit supporting order after administrative hearing—summary judgment for defendant proper**

In an action in which plaintiff challenged the assessment of inheritance taxes at an administrative hearing before the Secretary of Revenue, the trial court properly granted summary judgment for defendants on the issue of whether an order entitled "Administrative Hearing and Final Decision Entered by the Secretary of Revenue" was signed by Howard Coble before he resigned as Secretary of Revenue. Defendants' verified answer by Mark Lynch, Coble's successor, stated that Coble did in fact execute the final decision, and a supporting affidavit signed by Coble also states he executed and entered the decision before he resigned as Secretary of Revenue. Plaintiffs produced no evidence to support their conclusory allegation that Coble did not sign the final decision in either their unverified complaint or unverified response to defendants' summary judgment motion.

2. Rules of Civil Procedure § 56.4— failure to show genuine issue of material fact
— summary judgment proper

   Where the sole ground for recovery alleged in plaintiffs' complaint was
   that the final decision of the Secretary of Revenue concerning an inheritance
   tax assessment was not validly issued, and where defendant's verified answer
   and affidavit established that the decision was validly issued, no genuine issue
   as to any material fact existed since plaintiffs asserted no other grounds for
   recovery.

APPEAL by plaintiffs from *Seay, Judge*. Judgment entered 13
July 1981 in Superior Court, High Point Division, GUILFORD Coun-
ty. Heard in the Court of Appeals 3 September 1982.

Webster T. Ballinger, a resident of Guilford County, died on
9 October 1971 and left an estate of approximately 147 acres of
Guilford County farmland. On 8 April 1975, plaintiff heirs filed an
inheritance tax return valuing the real property at $67,398.80 and
paid from the estate to the North Carolina Department of
Revenue total tax, penalty and interest of $863.83. On 26 January
1976, plaintiffs received a notice of proposed tax assessment
reflecting that the Department of Revenue appraised the real
property at $273,400. Plaintiffs protested this assessment and re-
quested an administrative hearing before the Secretary of
Revenue pursuant to G.S. 105-241.1. J. Howard Coble, then
Secretary of Revenue, convened a hearing which commenced on
18 June 1976 and continued on 23 July 1976 and 18 August 1976.
During this hearing, Secretary Coble heard plaintiffs' complaints,
but rendered a final decision in which he sustained the assess-
ment against plaintiffs and assessed the estate an additional in-
heritance tax of $8,929.24 plus interest. Plaintiffs were notified of
Secretary Coble's final decision and assessment when they re-
ceived the document entitled "Administrative Hearing and Final
Decision Entered by the Secretary of Revenue" which was signed
by Secretary Coble on 7 January 1977. The document was accom-
panied by a transmittal letter dated 11 January 1977 and
postmarked 13 January 1977. Having had their petition for
rehearing denied by Secretary Coble's successor, Mark G. Lynch,
plaintiffs paid the tax assessment under protest and requested in
writing a refund of the sums paid. The Secretary of Revenue did
not refund the sums demanded by plaintiffs within 90 days. In
January 1979, plaintiffs brought this action demanding a refund of
the sums paid and alleging that an unauthorized person, not the

Secretary of Revenue, made the assessment. Defendants filed a motion for summary judgment supported by defendants' answer which was verified by present Secretary of Revenue Mark G. Lynch. Defendants also relied on Howard Coble's attached affidavit which stated the following: On 7 January 1977, as Secretary of Revenue, he executed and entered a final decision sustaining the assessment issued against plaintiffs, he gave the final decision to the Director of the Inheritance and Gift Tax Division of the Department of Revenue for transmittal to plaintiffs, and he resigned as Secretary of Revenue on 8 January 1977. The court granted summary judgment in favor of defendants and dismissed plaintiffs' claim. From this judgment plaintiffs appeal.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for defendant appellee.*

*Max D. Ballinger for plaintiff appellants.*

MORRIS, Chief Judge.

[1] Plaintiffs' first assignment of error is that the court erred in allowing defendants' motion for summary judgment with reference to the issue of whether the order purportedly signed by Howard Coble on 7 January 1977 was, in fact, signed by Howard Coble while he was still Secretary of the North Carolina Department of Revenue. Defendants responded to the complaint filed against them with a verified answer and an affidavit, both of which the court may consider on a summary judgment motion. *See Huss v. Huss*, 31 N.C. App. 463, 230 S.E. 2d 159 (1976). Defendants' answer, verified by Mark G. Lynch, Howard Coble's successor as Secretary of Revenue, stated that Coble did in fact execute the final decision in question on 7 January 1977. In addition, Howard Coble's affidavit in which he swears under oath that he executed and entered the decision on 7 January 1977, before he resigned as Secretary of Revenue, accompanied defendants' summary judgment motion.

On the other hand, plaintiffs produced no evidence to support their conclusory allegation that Coble did not sign the final decision or that the decision was not properly signed and entered.

When the moving party presents an adequately supported motion, the opposing party must come forward with facts, not

mere allegations, which controvert the facts set forth in the moving party's case, or otherwise suffer a summary judgment.

*Connor Co. v. Spanish Inns*, 294 N.C. 661, 675, 242 S.E. 2d 785, 793 (1978). Neither plaintiffs' complaint nor their response to defendants' summary judgment motion could be considered as affidavits because neither was verified. The evidence plaintiffs offered consisted of Jan Wood's affidavit concerning the valuation of the property. This evidence was irrelevant because the property valuation was not in issue. Plaintiffs also offered the transmittal letter dated 11 January 1977 and postmarked 13 January 1977 as evidence that Coble did not sign the final decision while he was Secretary of Revenue, but this evidence aids only in establishing when plaintiffs received notice of the final decision rather than when the decision itself was executed. Because plaintiffs were unable to support their claim with facts that Coble did not execute the final decision while he was Secretary of Revenue, summary judgment was properly granted in favor of defendants on this issue.

[2] Plaintiffs' second assignment of error is that the court erred in concluding that there were no genuine issues of material fact, in dismissing plaintiffs' action, and in granting final judgment against plaintiffs on all matters and things raised in pleadings and documents filed. This argument is based on plaintiffs' belief that this lawsuit involves the valuation of the estate's real property. However, plaintiffs' complaint does not set forth real property valuation as a defense to the taxes assessed against them. The complaint must set forth the cause of action on which plaintiffs hope to recover before the court can award recovery, if any. *See Queen v. Jarrett*, 258 N.C. 405, 128 S.E. 2d 894 (1962). "The function of a complaint is to state in a plain and concise manner the material, essential or ultimate facts which constitute the cause of action. . . ." *Jones v. Loan Association*, 252 N.C. 626, 638, 114 S.E. 2d 638, 647 (1960).

In this case, the sole grounds for recovery alleged in plaintiffs' complaint is that the final decision was not validly issued or charged during Howard Coble's term of office as Secretary of Revenue. Defendants responded to the complaint by addressing this sole issue. As previously discussed with plaintiffs' first

assignment of error, defendants' verified answer and affidavit established that Howard Coble did in fact execute the final decision on 7 January 1977 while he was still Secretary of the Department of Revenue. No genuine issue as to material fact existed, because plaintiffs presented no evidence in support of their conclusory allegation that the final decision was not validly executed. Plaintiffs asserted no other grounds for recovery and did not elect to amend their complaint to allege additional grounds on which recovery could be granted. When defendants establish a complete defense to plaintiffs' claim, they are entitled to the quick and final disposition of that claim which summary judgment provides. *See Oakley v. Little*, 49 N.C. App. 650, 272 S.E. 2d 370 (1980). Under these circumstances, summary judgment was properly entered and the judgment of the trial court must be

Affirmed.

Judges WEBB and WHICHARD concur.