BRUCE STANCIL, Plaintiff v. HOWARD STANCIL, Defendant

No. 887SC975

(Filed 20 June 1989)

**Corporations § 18— oral agreement for repurchase of stock—statute of frauds inapplicable—summary judgment inappropriate**

The trial court erred in entering summary judgment for defendant in plaintiff's action to compel defendant to reconvey his stock in a closely-held corporation to plaintiff pursuant to their alleged oral agreement, since the issues of whether the repurchase provision existed and whether defendant paid the full purchase price of the stock were disputes as to material facts; the determination of the facts turned on the credibility of the witnesses, thus making summary judgment inappropriate; and N.C.G.S. § 25-8-319, the statute of frauds provision which requires that a contract for the sale of securities be evidenced by a writing, was inapplicable, as the shares of plaintiff's corporation were not "securities."

APPEAL by plaintiff from *Watts, Thomas S., Judge*. Order entered 13 June 1988 in Superior Court, WILSON County. Heard in the Court of Appeals 23 March 1989.

This is a civil action in which plaintiff, shareholder of fifty percent of the stock in a close corporation, seeks to compel defendant, owner of the other fifty percent of the stock, to reconvey his stock to plaintiff pursuant to their alleged oral agreement.

*Lee, Reece & Weaver, by W. Earl Taylor, Jr. and Cyrus F. Lee, and Lane & Boyette, by Wiley L. Lane, Jr., for plaintiff-appellant.*

*Narron, Holdford, Babb, Harrison & Rhodes, P.A., by William H. Holdford, for defendant-appellee.*

JOHNSON, Judge.

The evidence contained in the record on appeal of this matter tends to show the following: Plaintiff, Bruce Stancil, and his brother, defendant Howard Stancil, each own fifty percent of the 25,000 shares of stock of Bruce Stancil Refrigeration, Inc., a North Carolina close corporation. Bruce Stancil started the business in the 1960's and incorporated it in 1973. In 1980, defendant Howard Stan-

STANCIL v. STANCIL

[94 N.C. App. 319 (1989)]

cil became associated with the corporation, working in the office. At that time the parties also orally agreed that defendant would purchase a fifty percent interest in the business for $35,000. Relations between the brothers deteriorated, and in 1984 defendant quit working at the corporation.

This action, instituted by plaintiff on 29 October 1986, is one of four civil actions between the parties arising out of disputes concerning the corporation. In this action, plaintiff alleges that one of the terms of his oral agreement to sell stock to defendant was that plaintiff would have the right to repurchase defendant's interest in the corporation at the price of $35,000 in the event that defendant did not, or could not, satisfactorily perform his duties as office manager and bookkeeper of the business; or if defendant left the company and no longer worked there; or if the parties became unable to work together in an agreeable manner. Plaintiff sues to compel specific performance of this alleged contract. Plaintiff claims in his affidavit to have written a memorandum of the contract after it was agreed upon, which he claims both parties signed. He alleges that the writing has been lost or misplaced.

On 24 May 1988, defendant moved for summary judgment. On 27 May 1988, he filed a motion to amend his answer and a motion for judgment on the pleadings. On 13 June 1988, the trial court entered an order allowing defendant to amend his answer to raise the affirmative defense that the alleged oral agreement is unenforceable because it fails to satisfy the requirement of the statute of frauds provision, G.S. sec. 25-8-319, that sales of securities be evidenced by a writing. On the same date, the court granted defendant's motion for summary judgment, and plaintiff gave notice of appeal from the order.

Plaintiff's sole contention on appeal is that the trial court erred in granting defendant's motion for summary judgment and concluding that defendant is entitled to judgment as a matter of law.

The granting of summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. sec. 1A-1, Rule 56(c); Kessing v. Mortgage Corp., 278 N.C. 523, 180 S.E. 2d 823 (1971). In ruling on this motion, the court must consider the evidence in the light most favorable to the nonmovant, Durham v. Vine,

40 N.C. App. 564, 253 S.E. 2d 316 (1979), and give to that party
the benefit of all inferences which may reasonably be drawn in
his favor. *Caldwell v. Deese,* 288 N.C. 375, 218 S.E. 2d 379 (1975).

Our review of the record which was before the trial court
in ruling on defendant's motion for summary judgment reveals
that the parties agree that they had an oral agreement whereby
defendant was to purchase a one-half interest in the corporation
for $35,000. The parties disagree about other relevant facts. Plain-
tiff claims that defendant has only paid him $20,000 and defendant
states that he has paid the full amount. Also, defendant contends
that there was no provision for plaintiff to repurchase the stock
as outlined above. These issues of whether the repurchase provision
existed and whether defendant paid the full purchase price of the
stock are certainly disputes as to material facts. Summary judg-
ment is an extreme remedy and is appropriate only when the truth
is quite clear. *Lee v. Shor,* 10 N.C. App. 231, 178 S.E. 2d 101
(1970). When the determination of a material fact turns on the
credibility of witnesses, as here, summary judgment is improper.
*Commercial Credit Corp. v. McCorkle,* 19 N.C. App. 397, 198 S.E.
2d 736 (1973); *Lee, supra.*

In ruling on defendant's summary judgment motion, the ques-
tion for the trial court was whether defendant had established
a complete defense to plaintiff's claim, thereby making summary
judgment appropriate. *Ballinger v. North Carolina Dep't of Revenue,*
59 N.C. App. 508, 296 S.E. 2d 836 (1982), *disc. rev. denied,* 307
N.C. 576, 299 S.E. 2d 645 (1983).

Defendant argues in his brief that he has a complete defense
in G.S. sec. 25-8-319, the statute of frauds provision which requires
that a contract for the sale of securities be evidenced by a writing.
Defendant urges us to apply the rule of *Oakley v. Little,* 49 N.C.
App. 650, 272 S.E. 2d 370 (1980). *Oakley* held that the plaintiff's
failure to produce a writing sufficient to show a contract for the
sale of shares of stock in a corporation was a complete defense
pursuant to G.S. sec. 25-8-319(a). *Id.* We decline to follow *Oakley,*
and believe, rather, that we are bound by the more recent Supreme
Court decision of *Penley v. Penley,* 314 N.C. 1, 332 S.E. 2d 51
(1985). Before turning to the *Penley* decision, we note that approx-
imately two years before *Penley,* our Supreme Court, in *Meiselman
v. Meiselman,* 309 N.C. 279, 307 S.E. 2d 551 (1983), acknowledged
the distinctions between publicly held corporations and close corpo-

rations. *See* Note, *Shareholder Agreements—Oral Agreements in Close Quarters—Penley v. Penley*, 22 Wake Forest L. Rev. 147 (1987). *Meiselman* recognized that "[c]lose corporations are often little more than incorporated partnerships." *Meiselman*, 309 N.C. at 288, 307 S.E. 2d at 557, *quoting* Comment, *Oppression as a Statutory Ground for Corporate Dissolution*, 1965 Duke L.J. 128, 138 (1965) (citations omitted). In remanding the case for an evidentiary hearing to determine the "rights or interests" of the minority shareholder, the Court also stated that such corporations are often "based on personal relationships that give rise to certain 'reasonable expectations' on the part of those acquiring an interest in the close corporation." *Id.* at 289, 307 S.E. 2d at 558.

In the wake of *Meiselman*, the Court in *Penley* held that an oral agreement between a husband and wife, made prior to incorporation, to share equally in the close corporation, was enforceable on principles of simple contract law. The Court rejected, as too "narrow and inflexible," defendant's argument that plaintiff could not recover because the oral agreement must be considered to be a shareholders' agreement required to be in writing by G.S. sec. 55-73(b) of the Business Corporation Act. *Penley*, 314 N.C. at 23, 332 S.E. 2d at 64. The Court found that the statute was not plaintiff's exclusive legal remedy and that plaintiff's alternate theory based on contract law was proper. *Id.*

The decision of this Court in *Loy v. Lorm Corp.*, 52 N.C. App. 428, 278 S.E. 2d 897 (1981) is also supportive of our position that the statute of frauds is not a bar to plaintiff's claim. In *Loy*, this Court held that plaintiff's claim that, prior to incorporation, defendants orally agreed to sell plaintiff a twenty-five percent interest in their close corporation was not barred by the absence of a writing. *Id.*

We believe that the reasoning of *Penley* and *Loy* is applicable to the instant case. As in *Penley*, the close corporation in the instant case involves family members. The record reveals that the brothers were quite informal in both the operation of the business and in their relationship as shareholders. Their company appeared to be little more than an "incorporated partnership." *Meiselman*, *supra*. We do not find it to be determinative that the agreement between the parties in the instant case occurred after incorporation, unlike the situations in *Penley* and *Loy*. Even though the

timing was different, the same dynamics of the close corporation existed.

We also reject defendant's contention that G.S. sec. 25-8-319 is applicable here. That provision provides in part the following:

> A contract for the sale of securities is not enforceable by way of action or defense unless
>
> (a) there is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price; . . .

The term "security" is defined in G.S. sec. 25-8-102(1)(a)(ii) as an instrument which "is of a type commonly dealt in upon securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment." The official comment to this definition states that the term "security," for purposes of Article 8 of the Uniform Commercial Code, is intended to cover anything which either organized exchanges or "over-the-counter" markets would likely consider to be suitable for trading. Clearly, the shares of plaintiff's close corporation are not suitable for trading, and do not meet this definition of "security." Therefore, G.S. sec. 25-8-319 is inapplicable to the instant case.

In sum, we hold that the trial court erred in granting defendant's motion for summary judgment. Plaintiff's claim is not automatically barred by the absence of a writing. While we express no opinion as to whether the parties actually reached the agreement concerning a possible future repurchase of the stock as claimed by plaintiff, he has by way of deposition and affidavit at least created a genuine dispute as to this material fact. For the foregoing reasons, this case is reversed and remanded to the trial court for a trial on the merits.

Reversed and remanded.

Judges BECTON and ORR concur.