HILLSIDE METAL PRODUCTS, INC. *vs.* JACK ROWLAND, *alias,*
*d.b.a.* PAWTUCKET SUPPLY COMPANY *et al.*

NOVEMBER 21, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This action of assumpsit was commenced by the plaintiff, a New York corporation, against Jack Rowland, alias John R. Pratt, doing business as Pawtucket Supply Company, and Empire Steel Products, Inc., a Rhode Island corporation, by writ of summons returnable to the superior court. On March 22, 1950, by agreement of counsel, a judgment was entered for the plaintiff against Jack Rowland, referred to as the defendant, for $1326.20 and costs. Thereafter the execution issued thereon was returned *nulla bona* to the superior court. Upon application of the plaintiff, citation was issued against the defendant in supplementary proceedings, and on October 23, 1950 an

order was entered by the superior court directing him to pay $10 per week in satisfaction of the above judgment, the first payment to be made October 30, 1950. The case is here on defendant's bill of exceptions to the entry of said order.

The hearing was held under the provisions of general laws 1938, chapter 555, §1, which authorizes issuance of citation to the judgment debtor in supplementary proceedings in aid of execution. This statute reads in part as follows:

"At the hearing on such citation, the court shall make inquiry by examination of the judgment debtor, or otherwise, as to his circumstances, his income from any source, and his ability to pay said judgment; and if the debtor fails to appear at the time and place fixed the inquiry may proceed in his absence. If the court finds that the debtor is able to pay the judgment in full or by partial payments, from time to time, it shall, *after first allowing the debtor out of his income a reasonable sum for the support of himself or the support of himself and family,* if he have a family, enter a decree fixing the time, place and *amount of payments* to be made by the debtor on said judgment *out of his income in excess of said allowance.*" (italics ours)

At this hearing defendant was called by plaintiff as a witness. He testified that he had earned between $13 and $15 the previous week; that it cost him $18 or $19 a week to live and that he had to borrow some money to make up the balance; that his income at any recent period had not exceeded $20 per week; and that he had been under a doctor's care for the past thirteen years for a condition which his attorney referred to as a heart ailment. There was testimony from which it might reasonably have been inferred that for some time before the hearing defendant's rent for lodgings had been paid by the Steel Products Manufacturing Corporation at the rate of $10 per week. The defendant testified, however, that he had no permanent place of abode at the time of the hearing, and the treasurer

of the corporation owning the apartment house where he had previously lived testified that no rent had been paid for three months for the premises formerly occupied by defendant. No tangible evidence was presented by plaintiff to refute defendant's claim that at the time of such hearing his income was not over $20 per week.

From a careful examination of the transcript we can find no evidence to justify an order for the payment by the defendant of $10 per week on the judgment. The order itself does not conform to the requirement of the statute that the court shall first allow to the debtor *out of his income a reasonable sum for his own support*. It provides for such weekly payment by the defendant until the judgment shall have been paid in full, without any reference to its being paid "out of his income in excess of said allowance" as required by the statute.

It is clear to us that on this record the order complained of was not based upon competent legal evidence. In referring to an officer of the company from which plaintiff claimed, without presenting any proof thereof, that the defendant received salary or wages, the trial justice toward the conclusion of the testimony remarked: "Well, I'd like to see her before I make an order because on the present state of proof it would be pure guesswork * * *." No evidence, however, was presented thereafter during the hearing by such officer or otherwise to show the receipt of any income by the defendant from that person or corporation. Mere guess, speculation, suspicion or conjecture cannot be substituted for legal evidence. In the instant case there is no competent evidence to sustain the order which contains no provision for any subsistence allowance to the defendant as contemplated by the statute.

The defendant's exception is sustained, and the case is remitted to the superior court for further proceedings.

*Letts & Quinn, A. Peter Quinn,* for plaintiff.
*Isadore Kirshenbaum,* for defendant.