*Tobin, Decof, LeRoy & Silverstein, Michael A. Silverstein, Stanton V. Abrams,* for plaintiff.

*Worrell and Hodge, Paul H. Hodge,,* for defendant Eugene E. Lamarine, Richard F. Kirby, Guardian Ad Litem.

288 A.2d 497.

GERMAINE M. BARBER *et al. vs.* GEORGE E. JEMERY *et al.*

MARCH 13, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. The plaintiffs obtained a judgment of $10,-355.12 in the Superior Court against the defendants, George E. and Edmund Jemery, in a case which arose out of an automobile collision. The plaintiffs commenced supplementary proceedings under G. L. 1956 (1969 Reenactment) §9-28-3 when the defendants failed to pay that judgment and an execution thereon was returned unsatisfied. The defendant, George E. Jemery, hereinafter referred to as the "debtor," appeared before a Superior Court justice and pursuant to §9-28-4 an inquiry was then made into his circumstances, his income, and his ability to pay the judgment. At the conclusion of that hearing an order was entered directing him to pay the plaintiffs $8 per week until the judgment was fully paid. The debtor was dissatisfied with that order and appealed.

At the hearing with respect to the debtor's circumstances it appeared that he was regularly employed as a machinist; that this was his only employment; that his weekly take-home pay was $96; that he lived with his wife and daughter; that his wife was unemployed; and that he had no assets such as stocks, bonds or a bank account. It further appeared that it cost him an average of between $105 and $115[1] each week for food, rent, heat, gas, electricity, cleaning, telephone, clothing, medical services, cigarettes, beer, and gasoline for and payment on account of his wife's automobile.

Having heard that evidence — and there was no other — it became the trial justice's duty to determine whether the debtor was able to pay the judgment in full or by partial payments. As.a precedent to such.an order, however, the language of §9-28-5 required the trial justice to allow the debtor "* * * out of his income a reasonable sum for * * * the support of himself and family * * *." It also provided

---

[1]The record contains no explanation of how the debtor manages such deficit financing.

that the only source to which he might look in determining what payments should be made on account of the judgment debt was so much of the debtor's income as exceeded that allowance.

Here the trial justice, instead of complying with the legislative directives, assumed the obligation of finding a way to insure that the court's judgment would be paid, and he directed the debtor to get another job and thereby obtain the funds with which to make the $8 weekly payment. In so doing he exceeded his authority. *Hillside Metal Products, Inc.* v. *Rowland,* 79 R. I. 112, 84 A.2d 534 (1951).

The appeal of the defendant George E. Jemery is sustained, the judgment appealed from is reversed, and the case is remitted to the Superior Court for further proceedings.

*Higgins, Cavanagh & Cooney, Gerald C. DeMaria,* for plaintiffs.

*Berberian & Tanenbaum, Aram K. Berberian,* for defendants.