352 A.2d 397.

ROBERT WOOD *vs.* V. J. PAOLINO *et al.*

MARCH 4, 1976.

PRESENT: Roberts, C. J., Joslin and Kelleher, JJ.

PER CURIAM. In *Wood* v. *Paolino,* 112 R. I. 753, 315 A.2d 744 (1974), we affirmed the rendition of a jury verdict in the amount of $13,000 that came after a Superior Court trial in which Wood sought damages for injuries he received after being assaulted by Paolino. Subsequent to our affirmance and remand, an execution in the amount of $20,471 issued out of the Superior Court. It was served on the defendant and returned unsatisfied. Wood then instituted supplementary proceedings. At the conclusion of the hearing, an order was entered directing Paolino to pay $9 per week to Wood, who thereupon took this appeal.

Supplementary proceedings require a court to fix what the debtor is able to pay from his income to satisfy an outstanding judgment based upon his income after deductions of a reasonable amount for the support of the debtor and his family have been made. General Laws 1956 (1969 Reenactment) §9-28-5. The amount of such payment or payments is the balance remaining after a reasonable support allowance has been deducted from his income. *Barber* v. *Jemery,* 109 R. I. 556, 557, 288 A.2d 497, 498 (1972).

Paolino had testified that he worked in a family-owned business. His sole income was a take-home pay of $164.69. He is single and lives with his mother and pays her $75 a week for room, board, and other incidental expenses. The expense of operating a company-owned vehicle amounted to $25. The trial justice, deducting the monies paid to the mother and the transportation expenses, correctly computed the balance of average income at $64.69. After observing that this figure gave Paolino just in excess of $9 a day to meet his expenses, she decided that "the Court [would] order him to pay $9 per week." When Wood's counsel heard the amount of the order, he appeared to be a bit perplexed and inquired, "Per week?" The trial justice replied, "Per week."

In view of the scanty record presented to us, we share counsel's perplexity. There is a possibility, it seems, that the trial justice intended to fix the payment not at $9 per week but at $9 per day, a figure which would be somewhat closer to the net balance remaining from his income. Because of this doubt, we think the ends of justice would be best served by remanding this case to the Superior Court for clarification.

This case is remanded to the Superior Court for clarification; we shall retain jurisdiction and, once the necessary findings have been made, the papers in the case shall be returned to this court for further proceedings.

Mr. Chief Justice Roberts participated in the decision but retired prior to its announcement. Mr. Justice Paolino and Mr. Justice Doris did not participate.

*Frank R. Mazzeo,* for plaintiff.

*John R. Cosentino, Armando O. Monaco, II,* for defendants.