368 A.2d 1225.

RHODE ISLAND HOSPITAL *vs.* LEON W. COLLINS.

FEBRUARY 7, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. During March 1974 the plaintiff (the hospital) in an action of book account obtained a judgment in the Superior Court against the defendant (Collins) for $12,398.21. After execution was issued and returned wholly unsatisfied, the hospital, acting pursuant to G. L. 1956 (1969 Reenactment) §9-28-3, commenced supplemental proceedings against Collins. During a hearing on Collins' ability to satisfy the judgment, it developed that in September, just about 6 weeks before the hospital instituted this suit, Collins transferred title to his home from himself to a corporation of which he is the sole stockholder. At the conclusion of the hearing, the trial justice ordered Collins to endorse his stock certificate over to the hospital "for attachment and delivery" to the hospital's attorney. The trial justice stayed his order pending our consideration of Collins' appeal.

Before us Collins argues that the trial justice could not order him to endorse the certificate over to his creditor's attorney. We agree.

The statutes to which we shall allude during the consideration of Collins' appeal are: §§9-28-1, 9-28-3 through 9-28-7, and 6A-8-317(2). Chapter 28 of title 9 affords a judgment creditor with two remedies when an execution is returned unsatisfied. Section 9-28-1 specifically provides that when an execution is returned unsatisfied either wholly or in part, a judgment creditor may institute a civil action to reach and apply and subject to the payment and satisfaction of his judgment "any equitable assets or any choses in action of the judgment debtor" except those that are statutorily exempt from attachment. On the other hand, §§9-28-3 through 9-28-7 permit a creditor to apply to the court for a citation which directs the debtor to appear in court and show cause why an inquiry cannot be made into his ability to satisfy the judgment by either making payment in full or a series of installment payments. Failure

to comply with a payment order can result in contempt proceedings.

When a creditor chooses the "citation" path, the sole source to which a trial justice can look in seeking to satisfy the outstanding judgment is the debtor's income. Before a court can fix the amount a debtor is able to pay from his income to the creditor, the court must first deduct from the income a reasonable amount for the support of the debtor and his or her family. Whatever income remains is the amount of the payment or payments to be made to the creditor. *Wood* v. *Paolino,* 116 R.I. 106, 352 A.2d 397 (1976); *Barber* v. *Jemery,* 109 R.I. 556, 288 A.2d 497 (1972); *Hillside Metal Prods., Inc.* v. *Rowland,* 79 R.I. 112, 84 A.2d 534 (1951).

In the *Barber* case we ruled that a trial justice exceeded his jurisdiction when he ordered an employed debtor to obtain a second or another job so that he could pay off a $10,000 plus judgment at the rate of $8 a week. Here the trial justice's order directing Collins to endorse his stock certificate over to the hospital's attorney suffers from the same infirmity. If the hospital wishes to go the route delineated in §9-28-1 and bring an independent civil action to reach and apply Collins' interest in the corporation, it may do so, but the order now under review finds no support whatsoever in the law.

The hospital contends that the trial justice's actions can be justified by certain language found in the Uniform Commercial Code, to wit, §6A-8-317(2), where it states that a creditor whose debtor is the owner of a security shall be entitled to such aid as the court can properly provide by injunction or otherwise in reaching the security. Article 8 of the code deals with investment securities. A "security" is defined as an instrument which is issued in bearer or registered form and is a type that is usually dealt in by securities exchanges or is commonly recognized as a

538

medium for investment. Section 6A-8-102 (1) (a) (i)-(ii). A common thread running through all investment securities is the reasonable expectation that dividends will be derived from the profits which in turn are the results of the managerial or entrepreneurial efforts of others. While some stocks may properly be classified as investment securities, we have no doubt that Collins' stock does not fall within the definition to which we have just alluded. Consequently, the code offers no support for the actions taken by the trial justice.

The defendant's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Superior Court.

*Robert C. Hogan,* for plaintiff.

*F. Monroe Allen,* for defendant.