426

379 A.2d 365.

PLANTATIONS INDUSTRIAL SUPPLY OF RHODE ISLAND *et al.*
*vs.* WILLIAM O'BRIEN, *Clerk.*

NOVEMBER 8, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J.    We have consolidated these appeals which
have been taken from the denial by a Superior Court justice
of each plaintiff's request for a writ of mandamus that
would have directed the defendant in his capacity as Clerk

of the District Court's Eighth Division to issue to each of them a citation for supplementary proceedings.

Supplementary proceedings are conducted pursuant to the provisions of G.L. 1956 (1969 Reenactment) §§9-28-3, 9-28-4, 9-28-5 and 9-28-6. These statutes embody a legislative scheme whereby a judgment creditor who has an execution that has been returned unsatisfied, either in whole or in part, may obtain a citation which will order the judgment debtor to appear before the appropriate trial court so that a determination can be made as to the debtor's ability, if any, to satisfy the outstanding judgment after considering the amount of the debtor's total income and what portion of that income must be reserved to provide for the needs of the debtor and his or her family. *See Rhode Island Hosp.* v. *Collins,* 117 R.I. 535, 368 A.2d 1225 (1977); *Wood* v. *Paolino,* 116 R.I. 106, 352 A.2d 397 (1976); *Barber* v. *Jemery,* 109 R.I. 556, 288 A.2d 497 (1972).

The issuance of a citation which will order the judgment debtor to appear before the court for supplementary proceedings is specifically authorized by §9-28-3, which in pertinent part reads as follows:

> "On the filing of an application by a judgment creditor, execution on whose judgment has been returned either wholly or in part unsatisfied and unpaid, the clerk or a justice of the court rendering said judgment * * * shall issue a citation to the judgment debtor to appear at a time and place named therein to show cause why an examination into his circumstances should not be made and a decree be entered ordering him to pay such judgment in full or by installment, weekly, monthly or otherwise."

Our detailing of the factual aspects of this controversy will be restricted to what transpired in the District Court after a judgment for $250 plus costs was entered in favor of Plantations Legal Defense Services, Inc. in its suit against Dolores Seers because what happened there also occurred

when Plantations Industrial Supply of Rhode Island attained a judgment against William C. Waring, d.b.a. Waring Glass Co., for $18.99 and costs.

The $250 judgment was entered in the District Court on July 23, 1975 and the execution issued on July 29, 1975. On that portion of the execution upon which an officer's return is usually made can be found the following:

> "On August 14, 1975 I made demand on Dolores Seers to pay the within judgment and she has failed and refused to pay same to date. Therefore this execution is returned wholly unsatisfied. [Signed] Aram K. Berberian"

Mr. Berberian, who is the attorney for Plantations Legal Defense Services, Inc., then filed a statement in which he asserted that an examination of the records of the municipal tax assessor and the Registry of Motor Vehicles revealed that the judgment debtor had no real or personal property, that neither he nor his client knew of any assets upon which levy could be made, and that the Sheriffs' Department does not make a search for assets but merely levies on those assets which the creditor's attorney has identified as being available for attachment.

The defendant, in refusing to issue the citation, claims that an examination of the statutes relating to the service of process and the initiation of supplementary proceedings makes it clear that he has the discretion to determine whether or not an execution presented to him as being unsatisfied falls within the category of "unsatisfied execution" as that phrase is used in ch. 28 of title 9. According to the court clerk, since he has this discretion, mandamus cannot lie.

The plaintiffs concede that mandamus is not available to command the exercise of a discretionary act, but they take the position that the clerk is bound to issue the citation.

They argue that a *nulla bona* return by a sheriff or similar such officer is not a *sine qua non* to the issuance of a supplementary proceeding citation.

The solution to this controversy can be found by a quick reference to ch. 25 of title 9, which deals with the issuance of executions, and past observations made by this court when considering disputes involving the use of legal process. A cursory glance at §§9-25-7 and 9-25-8 reveals that the Legislature has stated that executions issued by the Superior Court are to be served by the county sheriffs or their deputies, whereas District Court executions may be served by the sheriffs, their deputies, the town sergeants or constables. The form of execution is set out in each statute and specifically directs the designated officer to "make true return of this writ and or your doings thereon."

This court has repeatedly stressed that legislative enactments relating to the service of process are to be followed and construed strictly. *Barthlein v. Ellis,* 112 R.I. 646, 314 A.2d 426 (1974); *Shannon v. Norman Block, Inc.,* 106 R.I. 124, 256 A.2d 214 (1969); *Geyer v. Callan Constr, Co.,* 81 R.I. 247, 101 A.2d 876 (1954); *Home Sav. Bank v. Rolando,* 57 R.I. 205, 189 A. 27 (1937). Strict adherence to the statutory mandate means " service by the method set forth in the pertinent statute and by a person duly authorized to make the service." *Barthlein v. Ellis, supra*[1] at 648, 314 A.2d at 428.

Consequently, we hold that a court clerk, before he issues a citation which would order a judgment debtor to appear before the court to show cause, can examine the execution to see if it has been served in accordance with the legislative

---

[1]In *Morris Plan Co, v. Katz,* 57 R.I. 495, 190 A. 455 (1937), the court observed that although an execution is issued for the benefit of the prevailing party, its mandate must be exercised in strict accordance with the terms of the execution before the issuing court can acquire jurisdiction in supplementary proceedings.

and judicial mandates to which we have already referred. This being so, the issuance of a citation for supplementary proceedings involves the use of the clerk's discretion and is immune from review by way of mandamus,

Throughout this litigation the plaintiffs rely on our holding in *Malinou* v. *McElroy*, 99 R.I. 277, 207 A.2d 44 (1965), where we pointed out that a Probate Court clerk must accept for filing any paper presented to him since the propriety of the submission is a matter which is vested in the court, not the clerk. The question presently before this court relates not to a refusal to file, but a refusal to issue process, which by statute can be issued only by the judge or the clerk of the court issuing the judgment if certain requirements are satisfied.

In each case, the plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Aram K. Berberian*, for plaintff.

*Julius C. Michaelson*, Attorney General, *Forrest Avila*, Special Assistant Attorney General, for defendant.