413 A.2d 486.

PLANTATIONS LEGAL DEFENSE SERVICES, INC.
*vs.* WILLIAM W. O'BRIEN.

APRIL 8, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Murray, JJ.

PER CURIAM. This matter came before the court on our order directing the plaintiff, Plantations Legal Defense Services, Inc., to appear and show cause why its appeal in the

above-entitled case should not be dismissed in light of our ruling in *Plantations Industrial Supply* v. *O'Brien*, 119 R.I. 426, 379 A.2d 365 (1977).

In a complaint filed in the Superior Court, plaintiff sought a writ of mandamus to compel defendant, William W. O'Brien, in his capacity as deputy clerk of the District Court's Eighth Division, to issue, pursuant to G.L. 1956 (1969 Reenactment) §9-28-3, a citation for supplementary proceedings against a judgment debtor. Upon a judgment dismissing its mandamus action in the Superior Court, plaintiff filed a notice of appeal to this court. After plaintiff's appeal had been docketed, we issued our show-cause order.

Section 9-28-3 provides for the issuance of supplementary process "[o]n the filing of an application by a judgment creditor, execution on whose judgment has been returned either wholly or in part unsatisfied and unpaid * * *." The defendant in the instant case refused to issue the requested §9-28-3 citation on the ground that plaintiff's execution had not been properly returned as an unsatisfied execution.

It is well established that the legislative enactments relating to the service of process are to be followed and construed strictly. *Plantations Industrial Supply* v. *O'Brien*, 119 R.I. at 429, 379 A.2d at 367. To this end we held in the *Plantations Industrial Supply* case that it was proper for a clerk, as a prerequisite to issuing a §9-28-3 citation, to examine the execution presented as unsatisfied to see if it had been served in accordance with the legislative and judicial strictures governing service of process. We then stated, "[t]his being so, the issuance of a citation for supplementary proceedings involves the use of the clerk's discretion and is immune from review by way of mandamus." *Id.* at 430, 379 A.2d at 367.

In light of these principles it is clear that the trial justice acted properly in dismissing the plaintiff's action for mandamus.

Accordingly, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is re-

manded to the Superior Court.

Mr. Justice Weisberger did not participate.

*Aram K. Berberian*, for plaintiff.

*Dennis J. Roberts II*, Attorney General, *Forrest Avila*, Special Assistant Attorney General, for defendant.