BRUCE STANCIL v. HOWARD STANCIL

No. 299PA89

(Filed 13 June 1990)

**Corporations § 18 (NCI3d); Uniform Commercial Code § 37.5 (NCI3d)— investment securities—shares of closely held corporation—oral agreement for sale unenforceable**

Shares of stock in a closely held corporation are instruments "of a type" commonly dealt in on securities exchanges or markets within the meaning of N.C.G.S. § 25-8-102(1)(a) and are thus investment "securities" for purposes of article 8 of the U.C.C. Therefore, the pertinent statute of frauds, N.C.G.S. § 25-8-319, renders an oral agreement for the sale of such shares unenforceable.

**Am Jur 2d, Commercial Code §§ 113-115; Corporations § 681.**

ON discretionary review of the decision of the Court of Appeals, 94 N.C. App. 319, 380 S.E.2d 424 (1989), reversing a judgment entered by *Watts, J.,* in the Superior Court, WILSON County, on 13 June 1988. Heard in the Supreme Court on 13 March 1990.

*Lee, Reece & Weaver, by W. Earl Taylor, Jr. and Cyrus F. Lee; and Lane & Boyette, by Wiley L. Lane, Jr., for the plaintiff-appellee.*

*Narron, Holdford, Babb, Harrison & Rhodes, P.A., by Elizabeth B. McKinney and William H. Holdford, for the defendant-appellant.*

MITCHELL, Justice.

The plaintiff filed this action on 29 October 1986 to compel the specific performance of an alleged oral agreement between the plaintiff and the defendant. The plaintiff alleged that the agree-

ment gave him the right to purchase the defendant's shares of stock in Bruce Stancil Refrigeration, Inc. The defendant raised as an affirmative defense that article 8 of the Uniform Commercial Code — Investment Securities (hereinafter, article 8), codified in Chapter 25 of the General Statutes of North Carolina, makes such oral agreements for the sale of investment securities unenforceable and moved for summary judgment. The trial court granted the motion and entered summary judgment for the defendant. On appeal, the Court of Appeals reversed and remanded. Thereafter, this Court granted the defendant's petition for discretionary review. We now conclude that the trial court's judgment was correct and reverse the decision of the Court of Appeals.

The pleadings and the parties' forecasts of evidence tended to show that the plaintiff incorporated Bruce Stancil Refrigeration, Inc. as a North Carolina close corporation in 1973. The defendant, the plaintiff's brother, became associated with the corporation in 1980. The plaintiff sold fifty percent of the stock in the corporation to the defendant for $35,000. In his complaint, the plaintiff alleged that the defendant orally agreed to sell his shares to the plaintiff in the event that the defendant (1) could not perform his duties at the company, (2) left the business, or (3) could not work with the plaintiff in an agreeable manner. Thereafter, the brothers' professional relationship deteriorated, and the defendant left the company on 12 October 1984. The plaintiff now contends that the defendant's departure gave the plaintiff the right under the oral agreement to purchase the defendant's shares of stock. The defendant has refused to sell his shares of stock in the closely held corporation to the plaintiff.

Before the trial court, the defendant moved for summary judgment arguing that N.C.G.S. § 25-8-319 makes oral contracts for sales of investment securities, including shares of stock of a closely held corporation, unenforceable. The trial court granted the defendant's motion. The Court of Appeals held that shares of stock in a closely held corporation, such as the shares of Bruce Stancil Refrigeration, Inc., are not investment "securities" as that term is defined in N.C.G.S. § 25-8-102 and, therefore, article 8 — including N.C.G.S. § 25-8-319 — does not apply to this case. We disagree.

With respect to the applicability of article 8, the Court of Appeals focused on the fact that the corporation involved here was closely held. Relying upon *Penley v. Penley*, 314 N.C. 1, 332

S.E.2d 51 (1985), and *Meiselman v. Meiselman*, 309 N.C. 279, 307 S.E.2d 551 (1983), the Court of Appeals concluded that shares of stock in the closely held corporation were not suitable for trading on a securities exchange or market. While this may be true, the Court of Appeals' reliance on *Penley* and *Meiselman* in this regard was misplaced. Since both of those decisions involved questions arising under the North Carolina Business Corporations Act, N.C.G.S. Chapter 55, they are inapposite to the central question in this case—whether shares of a closely held corporation are investment "securities" for purposes of article 8.

Under article 8, an investment security is an instrument which:

(i) is issued in bearer or registered form; and (ii) is of a type commonly dealt in upon securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment; and (iii) is either one of a class or series or by its terms is divisible into a class or series of instruments; and (iv) evidences a share, participation or other interest in property or in an enterprise or evidences an obligation of the issuer.

N.C.G.S. § 25-8-102(1)(a) (1986).[1]

The Court of Appeals indicated that shares of stock in a closely held corporation are not securities, because they are not suitable for trading on a securities exchange. 94 N.C. App. 319, 323, 380 S.E.2d 424, 427 (1989). We disagree. Under N.C.G.S. § 25-8-102, it is inconsequential whether the shares of stock in question are in fact suitable for trading or have ever been traded on an exchange or market. The statutory definition only requires in this regard that instruments be "of a type" that is dealt in on securities exchanges or markets in order to be deemed investment securities. Since stock exchanges and markets generally facilitate the trading of shares of corporate stock, it is our conclusion that the shares of a corporation—whether publicly or closely held—are instruments "of a type" commonly dealt in on securities exchanges or markets.

---

1. Even though 1989 N.C. Sess. Laws ch. 588, § 1, which took effect on 1 October 1989, amended this statute to classify "investment securities" as "certificated" or "uncertificated" securities, the operative definitions still deem "securities" to be instruments "of a type commonly dealt in on securities exchanges or markets." N.C.G.S. § 25-8-102 (Cum. Supp. 1989).

STANCIL v. STANCIL

[326 N.C. 766 (1990)]

A few courts construing language analogous to that of N.C.G.S. § 25-8-102 have held that shares of stock of a closely held corporation are not investment "securities." *E.g., Rhode Island Hospital v. Collins*, 117 R.I. 535, 368 A.2d 1225 (1977); *Blasingame v. American Materials Inc.*, 654 S.W.2d 659 (Tenn. 1983). In *Rhode Island Hospital*, the Supreme Court of Rhode Island reasoned that shares of a closely held corporation were not investment securities because they did not exhibit a reasonable expectation that dividends would be derived from the profits of the corporation. *Rhode Island Hospital*, 117 R.I. at 538, 368 A.2d at 1227. In *Blasingame*, the Supreme Court of Tennessee concluded that shares of a closely held corporation were not investment "securities," because there was no available market for them. *Blasingame*, 654 S.W.2d at 664. Neither of those specific conditions is required by N.C.G.S. § 25-8-102. Therefore, we conclude that neither the reasoning of *Rhode Island Hospital* nor the reasoning of *Blasingame* is applicable to this case.

Before this Court, the plaintiff argues that shares of a closely held corporation are not instruments "of a type" commonly dealt in upon securities exchanges or markets and, therefore, are not investment "securities" for purposes of article 8 of the U.C.C.—Investment Securities. In *Zamore v. Whitten*, 395 A.2d 435 (Me. 1978), the Supreme Court of Maine accepted such an argument and stated that "stock in [a] close family corporate business is not of a type 'commonly dealt in upon securities exchanges or markets,' nor is it commonly recognized in any area as a medium for investment." 395 A.2d at 441. We simply disagree.

Other courts have held that shares of stock in a closely held corporation should be treated as investment "securities" under article 8. *See United Independent Insurance Agencies Inc. v. Bank of Honolulu and Ramil*, 6 Haw. App. 222, 718 P.2d 1097 (1986); *Smith v. Baker*, 715 S.W.2d 890 (Ky. Ct. App. 1986); *Pantel v. Becker*, 391 N.Y.S.2d 325 (N.Y. Sup. Ct. 1977); *Jennison v. Jennison*, 346 Pa. Superior Ct. 47, 499 A.2d 302 (1985); *Associates Financial Services Company of Utah, Inc. v. Sevy*, 776 P.2d 650 (Utah App. 1989); *Wamser v. Bamberger*, 101 Wis.2d 647, 305 N.W.2d 158 (1981). For example, the Superior Court of Pennsylvania in *Jennison* concluded that "[s]hares of stock in a closely held corporation are, after all, shares of stock, which are clearly instruments 'of a type' commonly dealt in on securities exchanges or markets." *Jennison*, 346 Pa. Superior Ct. at 53, 499 A.2d at 304. It is our opinion that cases such as *Jennison* represent the better view. See Note,

STANCIL v. STANCIL

[326 N.C. 766 (1990)]

*Stock in a Closely Held Corporation: Is It a Security for Uniform Commercial Code Purposes?* 42 Vand. L. Rev. 579 (1989). Stock certificates for shares of any corporation — whether publicly or closely held — are instrumentalities of trade and commerce which are "of a type" commonly dealt in on securities exchanges or markets. Further, although not controlling on the issue, we note that the comments to the amended version of N.C.G.S. § 25-8-102 state:

> Interests such as the stock of closely held corporations, although they are not actually traded upon securities exchanges, are intended to be included within the definitions . . . of interests 'of a type' commonly traded in those markets.

N.C.G.S. § 25-8-102, Commentary (Cum. Supp. 1989).

We conclude that the defendant's shares of stock in Bruce Stancil Refrigeration, Inc. are investment "securities" under the definition of that term in N.C.G.S. § 25-8-102(1)(a). We note, however, that, although this statute defines the term "security" broadly, the North Carolina comments suggest that the definition in the statute only applies under article 8 and does not limit the definition of "security" in police statutes or other special statutes. *See* N.C.G.S. § 25-8-102, Commentary (1986).

We now turn to the defendant's statute of frauds argument. In response to the plaintiff's efforts to enforce the alleged oral agreement, the defendant has argued that his shares of stock in Bruce Stancil Refrigeration, Inc. are "securities" for purposes of article 8, and that the pertinent statute of frauds, N.C.G.S. § 25-8-319, renders oral agreements for the sale of such securities unenforceable. As we conclude that shares of stock in a closely held corporation are investment "securities" for such purposes, we also conclude that the pertinent statute of frauds, N.C.G.S. § 25-8-319, is applicable to this case.

N.C.G.S. § 25-8-319 provides in part the following:

A contract for the sale of securities is not enforceable by way of action or defense unless

(a) there is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price; . . . .

AETNA CASUALTY & SURETY CO. v. NATIONWIDE MUT. INS. CO.

[326 N.C. 771 (1990)]

N.C.G.S. § 25-8-319 (1986).[2] Before this Court, the plaintiff conceded that there was no writing reflecting the defendant's alleged oral agreement to sell his shares. By its terms then, the applicable statute of frauds, N.C.G.S. § 25-8-319, renders the defendant's alleged oral contract for the sale of those securities unenforceable in this action. Therefore, we hold that the trial court properly granted summary judgment for the defendant, and the decision of the Court of Appeals to the contrary is reversed.


Reversed.


_____

2. 1989 N.C. Sess. Laws ch. 588, § 1, effective 1 October 1989, made minor amendments to this statute which are not pertinent to this case. N.C.G.S. § 25-8-319 (Cum. Supp. 1989).