540 S.E.2d 761 (2000)
Jimmy ALLEN, individually and as a Director of Allen & Brock Construction, Inc. on Behalf of ALLEN & BROCK CONSTRUCTION COMPANY, INC., Plaintiff-Appellant,
v.
Marlene FERRERA, J. Harold Brock, Eddie T. Brock, Jr., Brock Realty, Inc. and Allen & Brock Construction Company, Inc., Defendant-Appellees.
No. 99-1253.
Court of Appeals of North Carolina.
December 29, 2000.
*763 Garris Neil Yarborough, Fayetteville, for plaintiff-appellant.
Beaver Holt Richardson Sternlicht Burge & Glazier, P.A., by Lonnie M. Player, Jr., Fayetteville, and Gregory B. Thompson, Raeford, for defendant-appellees.
McGEE, Judge.
The issue in this case is whether the trial court erred in dismissing plaintiff's claims pursuant to N.C. Gen.Stat. § 1A-1, Rule 12(b)(6) for failure to satisfy the shareholder derivative action demand requirement of N.C. Gen.Stat. § 55-7-42.
Plaintiff alleges in his complaint that he, an employee of the City of Raeford's utility department with some residential construction experience, formed a company along with defendants Eddie and Harold Brock, realtors, to build and sell residential houses. The three named their corporation Allen & Brock Construction Company, Inc. (A & B) and funded it with $10,000 from plaintiff, $5,000 from defendant Harold Brock, and $5,000 from defendant Brock Realty, Inc., the real estate business run by defendants Eddie and Harold Brock. The stock in A & B was owned fifty percent by plaintiff and fifty percent by defendant Brock Realty. The officers of the corporation were plaintiff as president, defendant Eddie Brock as vice-president, and defendant Harold Brock as secretary/treasurer. A checking account for A & B was opened and both plaintiff and defendant Eddie Brock were authorized to sign checks. Although plaintiff and defendants Eddie and Harold Brock did not promise to devote their exclusive time and talents *764 to A & B, each agreed to devote "sweat equity" to the corporation, and as field supervisor and general contractor for A & B's construction projects, plaintiff gave up his job with the City of Raeford.
Plaintiff alleges that defendants Eddie and Harold Brock controlled the company books and internal management, and that plaintiff relied on defendant Harold Brock when he told plaintiff that A & B needed additional funds. Plaintiff therefore agreed to co-guarantee with defendant Harold Brock a series of loans to A & B made by defendant Marlene Ferrera. Plaintiff subsequently became concerned about the management of A & B and demanded to see the check register maintained by defendants Eddie and Harold Brock. After examining the check register, plaintiff became convinced that defendants Eddie and Harold Brock and defendant Ferrera had conspired to divert corporate opportunities from A & B to their own benefit.
Plaintiff alleges he demanded $50,000 in individual compensation for injuries to A & B in a letter written by plaintiff's attorney on 12 August 1998 to defendants Eddie and Harold Brock and defendant Brock Realty. Defendants Eddie and Harold Brock responded on 21 August 1998 denying plaintiff's claims and raising allegations of their own against plaintiff. Defendants' letter was signed by defendants Eddie and Harold Brock in their individual capacities, and by defendant Harold Brock as president of defendant Brock Realty.
Plaintiff filed a complaint against defendants on 2 November 1998 seeking four claims for relief, on behalf of both himself and A & B: (1) a declaratory judgment that his personal guarantee on the loans from defendant Ferrera was unenforceable; (2) recovery for civil conspiracy by all of the defendants; (3) recovery for breach of the fiduciary duty owed by defendants Eddie and Harold Brock to A & B; and (4) recovery for unfair and deceptive trade practices by all of the defendants. The trial court dismissed plaintiff's claims on 7 June 1999 pursuant to N.C. Gen.Stat. § 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Plaintiff appeals.

I.
Plaintiff's four claims for relief were each raised as both individual claims and as shareholder derivative claims brought in the name of A & B. We begin by examining the shareholder derivative action demand requirements of N.C. Gen.Stat. § 55-7-42 (1999). We find that plaintiff did not satisfy those requirements, and we affirm the trial court's dismissal of plaintiff's derivative claims.
N.C. Gen.Stat. § 1A-1, Rule 12(b)(6) (1999) "`generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery.'" Sutton v. Duke, 277 N.C. 94, 102, 176 S.E.2d 161, 166 (1970) (citation omitted). A plaintiff's failure to fulfill the statutory requirements for bringing a shareholder derivative action would be one such insurmountable bar. See Roney v. Joyner, 86 N.C.App. 81, 356 S.E.2d 401 (1987).
N.C. Gen.Stat. § 55-7-42 states:
No shareholder may commence a derivative proceeding until:
(1) A written demand has been made upon the corporation to take suitable action; and
(2) 90 days have expired from the date the demand was made unless, prior to the expiration of the 90 days, the shareholder was notified that the corporation rejected the demand, or unless irreparable injury to the corporation would result by waiting for the expiration of the 90 day period.
N.C. Gen.Stat. § 55-7-42 replaced the former N.C. Gen.Stat. § 55-7-40(b) (1990) (repealed), which stated, in principal part:
(b) The complaint [in a shareholder derivative action] shall allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and the reasons for his failure to obtain the action or for not making the effort.
N.C. Gen.Stat. § 55-7-40(b) replaced in 1989 the former N.C. Gen.Stat. § 55-55(b) (1982), which was identical to the above quoted portion of N.C. Gen.Stat. § 55-7-40(b).
*765 N.C. Gen.Stat. § 55-55(b) was a codification of prior North Carolina case law which required a shareholder to exhaust his intracorporate remedies through a demand upon the corporation to take suitable action before the shareholder could file a derivative action. See Alford v. Shaw, 320 N.C. 465, 471, 358 S.E.2d 323, 327 (1987). However, that prior case law recognized that
[a]n equitable exception to the demand requirement may be invoked when the directors who are in control of the corporation are the same ones (or under the control of the same ones) as were initially responsible for the breaches of duty alleged. In such case, the demand of a shareholder upon directors to sue themselves or their principals would be futile and as such is not required for the maintenance of the action.
Id. at 471-72, 358 S.E.2d at 327 (citations omitted). Thus, under N.C. Gen.Stat. § 55-55(b), demand was required, unless the futility exception was met.
Plaintiff contends that the futility exception remains valid law under the present N.C. Gen.Stat. § 55-7-42. If he were correct, a failure by plaintiff to follow the demand requirements of N.C. Gen.Stat. § 55-7-42 might have been excused. However, we have previously held that the enactment of N.C. Gen.Stat. § 55-7-42 abolished the futility exception under North Carolina law.
In statutory construction, "[t]he basic rule is to ascertain and effectuate the intent of the legislative body. The best indicia of that intent are the language of the statute... the spirit of the act and what the act seeks to accomplish." Concrete Co. v. Board of Commissioners, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citations omitted). In its enactment of N.C. Gen.Stat. § 55-7-42, the General Assembly chose to state explicitly the requirement for demand in shareholder derivative actions and the limits of that requirement. Our Court has recently held that the 1995 revision of N.C. Gen.Stat. § 55-7-42 "has eliminated the futility exception to the demand requirement." Norman v. Nash Johnson & Sons' Farms, Inc., ___ N.C.App. ____, 537 S.E.2d 248 (2000); accord Dunn v. Ceccarelli, 227 Ga.App. 505, 489 S.E.2d 563 (1997) (considering OCGA § 14-2-742, a statute virtually identical to N.C. Gen.Stat. § 55-7-42). In Norman, we cited a quote from a leading North Carolina corporation law commentator that "the 1995 amendment was necessary because the futility exception `caused excessive and unnecessary litigation on a preliminary point, which was the principal reason for repealing the futility exception rule and adopting a universal-demand rule.'" Nash, ___ N.C.App. at ____, 537 S.E.2d at 262.
Alternately, plaintiff argues that the demand requirement of N.C. Gen.Stat. § 55-7-42 was satisfied by the letter he sent to defendants Eddie and Harold Brock and defendant Brock Realty, and by their written response rejecting his allegations. However, the response from defendants Eddie and Harold Brock and defendant Brock Realty cannot satisfy the rejection requirement of N.C. Gen.Stat. § 55-7-42 because it was not a rejection by the corporation. Defendants Eddie and Harold Brock and defendant Brock Realty, although respectively directors and a shareholder of A & B, did not sign the response letter in those corporate capacities. Plaintiff does not allege that defendants Eddie and Harold Brock and defendant Brock Realty held actual or apparent authority to bind A & B through their individual signatures. The principles of agency therefore dictate that the corporation did not act to reject plaintiff's demand. See, e.g., Rowe v. Franklin County, 318 N.C. 344, 349 S.E.2d 65 (1986).
Failing a rejection by the corporation, N.C. Gen.Stat. § 55-7-42 requires that a complaint be filed no fewer than ninety days after demand is made, unless irreparable injury would occur to the corporation. Plaintiff alleged no threat of irreparable injury to A & B upon filing his complaint. The letter to defendants Eddie and Harold Brock and defendant Brock Realty was dated 12 August and plaintiff's complaint was filed 2 November, eighty-two days later. Thus plaintiff failed to satisfy the demand requirements imposed by N.C. Gen.Stat. § 55-7-42, regardless of whether the 12 August letter was sufficient to serve as a written demand upon the corporation. The trial court did not err in dismissing plaintiff's derivative claims.

*766 II.
We next determine whether plaintiff's complaint supports any individual claims. The general rule is that a shareholder of a corporation may not recover individually for injury to the corporation that results in diminution of the value of the corporation's stock. See Barger v. McCoy Hillard & Parks, 346 N.C. 650, 658, 488 S.E.2d 215, 219 (1997). Similarly, a guarantor of a corporation's debts cannot recover individually for injury to the corporation. See id. at 661, 488 S.E.2d at 221. However,
[i]ndividual actions may be prosecuted ... if the [shareholder or] guarantor can show either (1) that the wrongdoer owed him a special duty, or (2) that the injury suffered by the [shareholder or] guarantor is personal to him and distinct from the injury sustained by the [other shareholders (in the case of a shareholder) or the] corporation itself.
Id.
The injuries alleged by plaintiff include: plaintiff's $10,000 capital contribution and his labor contribution in giving up his "secure government job" as investments in the creation of A & B; the losses to A & B caused by defendants' usurpations of corporate opportunities, breaches of fiduciary duty and misrepresentations to plaintiff; and plaintiff's personal liability for the guarantees he signed for A & B loans from defendant Ferrera. The losses suffered by A & B injured plaintiff only insofar as the value of plaintiff's stock in A & B fell and were therefore not a personal injury to plaintiff. Similarly, plaintiff's investment in A & B was in exchange for shares in A & B, and thus plaintiff lost the investment only because the shares lost value. Not even plaintiff's liability for his personal guarantees is a personal injury, for
one who pays a personally guaranteed corporate debt has not suffered an injury separate and distinct from that of the corporation because he is "made whole if the corporation recovers; and so the rule has the salutary effect of preventing the double counting of damages."
Barger v. McCoy Hillard & Parks, 120 N.C.App. 326, 334, 462 S.E.2d 252, 258, reh'g in part, 122 N.C.App. 391, 469 S.E.2d 593, aff'd 346 N.C. 650, 488 S.E.2d 215 (1997) (citations omitted).
Plaintiff must therefore show that he was owed a special duty as a shareholder or as a guarantor in order to recover individually. Our Court held in Howell v. Fisher, 49 N.C.App. 488, 272 S.E.2d 19 (1980) that negligent misrepresentation by a third party which induced plaintiffs to become shareholders created such a special duty. Applying the same rule, our Supreme Court held in Barger that negligent misrepresentation by a third party that induced plaintiffs to personally guarantee a corporation's loans likewise created such a special duty. However, while our Court held in Norman v. Nash Johnson & Sons' Farms, supra, that the fiduciary duty owed to a minority shareholder by a majority shareholder may satisfy the special duty requirement of Barger, plaintiff was a fifty percent owner of A & B and hence was not a minority shareholder.
We conclude that plaintiff has alleged in his complaint two grounds for relief upon which individual recovery is possible: (1) plaintiff's claim that defendants' wrongful acts induced plaintiff to invest in A & B when it was formed, allowing recovery of that investment; and (2) plaintiff's claim that defendants' wrongful acts induced him to personally guarantee A & B's loans.

III.
Having established that certain injuries alleged by plaintiff could support an individual recovery, we must examine each of plaintiff's individual claims to determine if any were dismissed in error.

A.
Plaintiff's first individual claim for relief seeks a declaratory judgment that his personal guaranty is unenforceable. As described in Part II above, plaintiff has an individual cause of action against defendant Ferrera insofar as the alleged wrongful behavior under which he seeks to invalidate the guaranty in fact induced him to sign the guaranty.
A motion to dismiss under N.C. Gen. Stat. § 1A-1 Rule 12(b)(6) "is seldom an appropriate pleading in actions for declaratory judgments, and ... is allowed only when *767 the record clearly shows that there is no basis for declaratory relief as when the complaint does not allege an actual, genuine existing controversy." Consumers Power v. Power Co., 285 N.C. 434, 439, 206 S.E.2d 178, 182 (1974) (citations omitted). An actual controversy exists in this case because defendant Ferrera has demanded, under the terms of the guaranty, repayment by plaintiff of defendant Ferrera's loans to A & B. "There can be no doubt that litigation [is] forthcoming. Certainly plaintiff should not be required to await suit, perhaps indefinitely[.]" Insurance Co. v. Bank, 11 N.C.App. 444, 449, 181 S.E.2d 799, 803 (1971).
Defendant Ferrera contends that a declaratory judgment is unavailable where, as here, plaintiff seeks to have his personal guaranty declared invalid instead of merely interpreted by the court. However, our Court has stated that a trial court "certainly may determine the validity and enforceability of a contract under the Declaratory Judgment Act. To interpret this Act otherwise would render it useless." Bueltel v. Lumber Mut. Ins. Co., 134 N.C.App. 626, 630, 518 S.E.2d 205, 208, disc. rev. denied, 351 N.C. 186, 541 S.E.2d 709 (1999). Plaintiff's first individual claim for relief was dismissed in error.

B.
Plaintiff's second individual claim for relief alleges a civil conspiracy among the defendants to defraud both plaintiff and A & B. As described in Part II above, plaintiff is entitled to relief for his initial investment in A & B if defendants' alleged wrongful behavior in fact induced him to provide that initial investment. Thus plaintiff's second claim for relief, to the extent of his original investment in A & B, states a valid individual cause of action and was dismissed in error.

C.
Plaintiff's third individual claim for relief is based on the fiduciary duty owed by defendants Eddie and Harold Brock to A & B. Because plaintiff alleges no breach of fiduciary duty owed to him personally in his capacity as a shareholder or as a guarantor of the corporation's loans, the claim is entirely derivative and, under Part I above, the trial court did not err in dismissing it. See Barger, supra.

D.
Plaintiff's fourth individual claim for relief alleges that defendants' actions constituted unfair and deceptive trade practices. "In order to establish a violation of N.C.G.S. § 75-1.1, a plaintiff must show: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." Gray v. N.C. Ins. Underwriting Ass'n, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000) (citation omitted). Plaintiff alleges no present monetary injury due to his personal guaranty of loans to A & B, and he therefore cannot recover under N.C. Gen.Stat. § 75-1.1. See Mayton v. Hiatt's Used Cars, 45 N.C.App. 206, 262 S.E.2d 860 (1980).
With respect to plaintiff's initial investment in A & B, our Supreme Court has held that securities transactions do not satisfy the "in or affecting commerce" requirement of N.C. Gen.Stat. § 75-1.1. See HAJMM Co. v. House of Raeford Farms, 328 N.C. 578, 594-95, 403 S.E.2d 483, 493 (1991). Plaintiff's initial investment was provided in exchange for fifty percent of the stock of A & B and was thus part of a security transaction. See Stancil v. Stancil, 326 N.C. 766, 768, 392 S.E.2d 373, 375 (1990) (defining stock in a closely-held corporation as a "security"). Plaintiff therefore has no individual grounds to pursue a claim of unfair and deceptive trade practices against defendants, and we accordingly affirm the trial court's dismissal of plaintiff's fourth claim for relief.
In review, we affirm the trial court's dismissal of plaintiff's derivative claims for relief, as well as plaintiff's third and fourth individual claims for relief. The trial court erred in dismissing plaintiff's first and second individual claims for relief. We therefore affirm in part, reverse in part, and remand to the trial court for further proceedings consistent with this opinion.
Affirmed in part, reversed in part and remanded.
Judges WYNN and TIMMONS-GOODSON concur.