Queen's Gap Cmty. Ass'n, Inc. v. McNamee, 2011 NCBC 36.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
| COUNTY OF RUTHERFORD | 10 CVS 1430 |

QUEEN'S GAP COMMUNITY
ASSOCIATION, INC., a North Carolina
non-profit corporation,

      Plaintiff,

  v.

MICHAEL P. McNAMEE, individually;
SCOTT BARFIELD, individually; DEVIN
F. McCARTHY, individually and as
Trustee of the Devin F. McCarthy
Revocable Trust Dated September 14,
1994; JANIS L. McCARTHY, individually
and as Trustee of the Devin F. McCarthy
Revocable Trust Dated September 14,
1994; QUEEN'S GAP HOLDING
COMPANY, LLC, an Ohio limited
liability company; and D.F. McCARTHY
INVESTMENTS XVII, LLC, an Ohio
limited liability company;

      Defendants.

**ORDER AND OPINION**

*The Dungan Law Firm, P.A. by Robert E. Dungan and Alicia Gaddy Vega for Plaintiff.*

*Roberts & Stevens, P.A. by Ann-Patton Hornthal and Wyatt S. Stevens for Defendants.*

Murphy, Judge.

{1}    **THIS MATTER** is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure for lack of subject matter jurisdiction, or, in the alternative,

pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

{2}     The Court will decide the Motion without a hearing pursuant to Rule 15.4 of the General Rules of Practice and Procedure for the North Carolina Business Court.

{3}     After considering the Complaint, the Motion, and the briefs and other submissions of the parties, the Court **GRANTS** Defendants' Motion to Dismiss.

## I.

## FACTUAL BACKGROUND

{4}     Plaintiff Queen's Gap Community Association, Inc. (the "Association") is a non-profit corporation and association of lot owners for the residential planned community development known as Queen's Gap located principally in Rutherford County, North Carolina.  (Compl. ¶¶ 1-2.)

{5}     Defendant Devin F. McCarthy ("D. McCarthy") was the initial developer and owner of Queen's Gap and served continuously as a director of the Association from October 26, 2006 to August 14, 2010 ("Developer Control Period").  (Compl. ¶¶ 2-3.)

{6}     Defendants D.F. McCarthy Investments XVIII, LLC ("McCarthy Investments") and Queen's Gap Holding Company, LLC ("Queen's Gap Holdings") are Ohio limited liability companies and are alleged to be the alter ego and mere instrumentality of Defendants D. McCarthy and Janis L. McCarthy ("J. McCarthy" – wife of D. McCarthy).  (Compl. ¶¶ 6, 15-16.)

{7} Defendant Michael P. McNamee ("McNamee") is a practicing attorney and resident of the State of Ohio. McNamee represented Defendant D. McCarthy and served continuously as a director and officer of the Association through the Developer Control Period. (Compl. ¶¶ 7-9.)

{8} Defendant Scott Barfield ("Barfield") is a North Carolina resident. Barfield served continuously as a director and officer for the Association through the Developer Control Period. (Compl. ¶ 10.)

{9} On November 24, 2010, Plaintiff filed its Verified Complaint in the Superior Court of Rutherford County, North Carolina. (Compl. 32.)

{10} On January 5, 2011, the matter was designated to the North Carolina Business Court as a mandatory complex business case and subsequently assigned to me.

{11} Plaintiff alleges that Defendants are liable for Breach of Fiduciary Duty, Conversion, Unjust Enrichment, Unfair and Deceptive Trade Practices, and Civil Conspiracy. (Compl. ¶¶ 95-141.)

{12} In response, Defendants have filed this Motion to Dismiss. Defendants argue that Plaintiff lacks standing to bring this action and, therefore, this Court does not have subject matter jurisdiction because: (1) Plaintiff did not satisfy the pre-litigation requirements included in its Master Declaration of Covenants, Conditions, and Restrictions, and its own Bylaws, and (2) Plaintiff cannot satisfy all three prerequisites for an association to sue in a representative capacity. In

addition, Defendants argue that Plaintiff fails to state a claim upon which relief can be granted as to Defendants D. McCarthy, McNamee, and Barfield.

## II.

## ANALYSIS

### Defendants' Motion to Dismiss For Lack of Standing

{13}    "'Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction.'" *Street v. Smart Corp.*, 157 N.C. App. 303, 305, 578 S.E.2d 695, 698 (2003) (quoting *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878 (2002)).  "If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *Estate of Apple v. Commer. Courier Express, Inc.*, 168 N.C. App. 175, 177, 607 S.E.2d 14, 16 (2005) (citations omitted), *disc. rev. denied*, 359 N.C. 188, 606 S.E.2d 904 (2005).  "As the party invoking jurisdiction, plaintiff[] ha[s] the burden of establishing standing." *Marriot v. Chatham County*, 187 N.C. App. 491, 494, 654 S.E.2d 13, 16 (2007) (citing *Neuse River Found. v. Smithfield Foods*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002)).

{14}    "Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy such that he or she may properly seek adjudication of the matter." *Am. Woodland Indus., Inc. v. Tolson*, 155 N.C. App. 624, 626, 574 S.E.2d 55, 57 (2002), *cert. denied*, 357 N.C. 61, 579 S.E.2d 283 (2003). "Standing . . . is . . . properly challenged by a Rule 12(b)(1) motion to dismiss." *Fuller v. Easley*, 145 N.C. App. 391, 395, 553 S.E.2d 43, 46 (2001).  "When reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to . . .

Rule 12(b)(1), a trial court may consider and weigh matters outside the pleadings." *Dare Cnty. v. N.C. Dep't of Ins.*, 701 S.E.2d 368, 375 2010 N.C. App. LEXIS 2015, at *18 (2010).

{15}     Statutes or contract provisions may prescribe whether a court possesses subject matter jurisdiction.  *See*  N.C. Gen. Stat. § 55-7-42 (2010); *see also Allen v. Ferrera*, 141 N.C. App. 284, 287-89, 540 S.E.2d 761, 764-65 (2000) (applying N.C. Gen. Stat. § 55-7-42).  It is common for "contractual provisions agreed to by members of the [homeowners association to] . . . provide procedural prerequisites or contractually limit the time, place, or matter for asserting claims."  *Peninsula Prop. Owners Assn., Inc., v. Cresent Res., LLC*, 171 N.C. App. 89, 96, 614 S.E.2d 351, 355 (2005).

{16}     When ruling upon a motion made pursuant to Rule 12(b)(1), where the plaintiff is a business entity, the question of standing requires an examination of, *inter alia*, whether the claims are being prosecuted by those with authority to act on the entity's behalf.  *Piedmont Venture P'ship, L.P. v. Deloitte & Touche, L.P.P.*, 2007 NCBC 6 ¶¶ 58-59 (N.C. Super. Ct. 2007).  In North Carolina, "[a]ll corporate powers shall be exercised by or under the authority of, . . . [a] board of directors, except as otherwise provided in the articles of incorporation."  N.C. Gen. Stat. § 55A-8-01(b) (2010).

{17}     In this case, the Association's governing documents (Articles of Incorporation, Master Declaration of Covenants, Conditions, and Restrictions (with amendments), and Bylaws (as amended)), provide the Board of Directors with the

authority to act by and for the Association. (Defs.' Mot. to Dismiss Ex. D, Article 3 Sections 1, 17.) However, Plaintiff's Master Declaration places limitations on litigation by the Association: "No judicial or administrative proceeding shall be commenced or prosecuted by the Association unless approved by a vote of (75%) of the Members." (Defs.' Mot. to Dismiss Ex. A, Section 8.5.)

{18}   The governing documents also create two classes of voting membership, Class I and Class II. (Defs.' Mot. to Dismiss Ex. A, Section 8.2.) Class I membership is held by each lot owner within Queen's Gap, while Class II membership is held by the Declarant, Devonshire Land Development, LLC, and its wholly owned affiliate, Queen's Gap Mountain, LLC. *Id.* Class II membership continues until either 90% of the lots within the development are sold, or December 31, 2015, whichever is the first to occur. (*Id.* at Section 8.2(b)(i-ii).)

{19}   Prior to the end of Class II membership, the selection of directors to sit on the Association's Board of Directors is made solely by the Declarant, and any director may be replaced by the Declarant at its discretion. (Defs.' Mot. to Dismiss Ex. D, Article 3 Sections 2, 3, 6.) After the termination of Class II membership, the Association is to hold its first annual meeting during which Class I members may select new directors. (*Id.* at Section 6(b).) Prior to the first meeting of the members, "no special meeting may be called by the Members." (Defs.' Mot. to Dismiss Ex. D, Article 2 Section 3.)

{20}   Plaintiff alleges and contends that the Association had the right to institute litigation on matters affecting the Queen's Gap Community Association  in

accordance with the provisions of N.C. Gen. Stat. § 47F-3-102(4). Plaintiff conveniently ignores the clear language of the statute: "*Unless the articles of incorporation or the declaration expressly provides to the contrary* (emphasis added), the association may: . . . (4) [i]nstitute, defend, or intervene in litigation or administrative proceedings on matters affecting the planned community . . . ." N.C. Gen. Stat. § 47F-3-102(4) (2010).

{21}    Plaintiff further argues that its Board of Directors authorized this lawsuit and requests that this Court find the 75% membership litigation approval requirement void under law. Both arguments are unpersuasive.

{22}    Plaintiff's authorization of this lawsuit was ineffective for several reasons: *First*, Plaintiff's Bylaws provide that the affairs of the Association are to be governed by the Board of Directors; s*econd*, the terms of the Master Declaration specifically address the powers of directors and limits the authority of members to commence or prosecute a judicial or administrative proceeding, except in actions brought by the Association to obtain injunctive relief to enforce the provisions of the Declaration; *third*, the individuals who attempted to authorize this action were not members of Plaintiff's Board of Directors; and *fourth*, the alleged 75% membership litigation approval occurred during a "special meeting" of the Association. (Defs.' Reply In Supp. of Mt. to Dismiss 4-5.)

{23}    Plaintiff has not alleged in its Complaint, or asserted otherwise, that, as of the date this action was brought, the Association's Class II membership had ceased and been converted to Class I membership. (Defs.' Brief In Supp. of Mt. to

Dismiss 11.) Thus, the Declarant holds the sole power to select and remove directors.

{24} Plaintiff has also failed to demonstrate that the individuals who attempted to approve this action were Directors selected by the Declarant. (*See* Compl.) To the contrary, Declarant's representative at the "special meeting" voted on Declarant's behalf against all of the purported Directors who Plaintiff claims authorized this litigation. (Aff. of Vinson ¶ 7.) Accordingly, the Association members' attempt to replace the existing Directors was ineffective. As a result, this action was not properly authorized by the Association's Board of Directors. (Defs.' Mot. to Dismiss Ex. D, Article 3, Sections 2, 3, 6.)

{25} Plaintiff's alleged authorization was also ineffective because it was obtained at a "special meeting." Under the Association's Bylaws, special meetings are prohibited until after the Association has held its first annual meeting. (Defs.' Mot. to Dismiss Ex. D, Article 2 Section 3.) There is no evidence before the Court that an annual meeting ever occurred prior to the filing of this lawsuit.

{26} Turning to Plaintiff's argument that the Association's 75% membership litigation-approval requirement is void, the Court finds that this type of requirement is "common" and does not, in violation of law, "eliminate the [Association's] right to file a legal action." *Peninsula*, 171 N.C. App. at 95, 614 S.E.2d at 355. This Court finds the litigation approval requirement to be valid.

{27}    Plaintiff admits that, contrary to its Declaration, it "did not obtain a 75% vote of [the Association's] membership [to] authorize the current litigation." (Pl.'s Resp. to Defs.' Mt. to Dismiss 5.)

{28}    Plaintiff lacks standing in this action to bring its claims before the Court. This Court, therefore, lacks subject matter jurisdiction to hear the claims.

{29}    Because Plaintiff lacks standing to bring its claims, the Court does not reach Defendants' arguments regarding the remaining matters and issues presented.

## III.

## CONCLUSION

{30}    Defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED** on the grounds that Plaintiff does not have standing in this action to bring its claims against Defendants.

{31}    For the reasons noted above, it is **HEREBY ORDERED** that the Plaintiff's Complaint is **DISMISSED** in its entirety, but without prejudice to any proper party to timely bring such claims against Defendants as may be warranted.

This the 23rd day of September, 2011.